Taylor, Chief-Justice.
The titles intended to be conveyed by this deed are those of the Alexanders in their own right, and those of the three other co-heirs, by the Defendants, as their attorneys in fart. There must be a valuable consideration to support a bargain and sale, the very name of which implies a quid pro quo. ' It is not essential that the bargainees themselves shbuld pay ¡he consideration money for if it be paid by a stranger on their account, it will be sufficient to raise an use in the bargainee — (Cro. Elbi. 819.) Nor is it necessary that the money should be. paid to the bargainor, but it must be paid either to himself or to some person for his use. Now the receipt of the consideration money is acknowledged by the Alexanders in their character as attorneys ? and from no part of the deed Gan it be col *159 lected, that any money was paid to themselves in their private rigid. although it may reasonably be. supposed that two-iifths of the sum were so paid, and that the deed does not describe the transaction truly. Yet we. are not at liberty to depart from it on any private speculation, nor ran the parties make any averment against it. It. follows then that the title of the Alexanders was not conveyed by the deed.
Did the title of the other co-heirs pass by the, deed ? I conceive that in point of form it is too essentially do-, icol i veto convey their title. The, land was vested in them, and by them alone ran it be conveyed. Their power of attorney, as such, conveyed no interest to the Defendants, and consequently none could pass from them. Thus : where a lease was made in the name of the attorney, though it were added also, by virtue óf a letter of attorney, or by A. B. as attorney for D. .0, it was held a void lease. — (7’ac. Jbr. Til. Leases^ Seel. 10.) And a bond reciting certain differences between the. obbgce and obligor, as attorney for F. F. was conditioned that the obligor should perforin such award as the arbitrators therein named should make upon the premises. It was agreed that the submission in this form was not binding upon the principal, though it was resolved to be so upon the obligor — (l Ld. llaij-m. 146.) The part of the deed which attempts to convey the shares of the principals, keeps them in the back ground, and presents alone the bargainors as their attorneys. The execution and delivery of a deed ought likewise to be in the name of the principal, and if it be tiie execution of the agent only, it is void as to the. principal, though the form of words used in the execution is not material, as where opposite the seal was written, for S. B. (the principal,) M. W. (the attorney) — (2 East 142.) Here, however, the deed is sealed and delivered as the act. of the Alexanders, without any mention or recognition of their principals. It is evident, therefore, according to all the authorities, that no title passed from the other co-heirs.
*160 And this leads to the important question, whether the Defendants are personally bound by the covenants of warranty. Whether it be just on principle that the Plaintiff should be indemnified for the loss sustained by his confidence in the Defendants’ having rightfully conveyed, I will not undertake to decide ‘, because the law speaks a language which can neither be misunderstood nor disobeyed. The ancient rule was, that to every good warranty in deed, there must be some estate to which the warranty is annexed, that may support it; for if one covenant to warrant land to another, and make him no estate, or make him an estate that is not good, and covenant to warrant the thing granted; in these cases the warranty is void — (Coke Litt. 378.)
When the action of covenant was substituted for the warrantia charlee, the same principle was continued in operation $ and where the main act to be performed, as conveying an estate, granting a lease, &c. is void, relative and dependant covenants are void also; as where A. being possessed of a term, granted to E. so much of the term as should be unexpired at the time of his death, and covenanted for B’s quiet enjoyment, the lease being there held void for-nucertainty, the covenant was hidden void also — (T. Raym,. 27.) in Frontin v. Small, a lease was made by an attorney in fact, in his own name, and it contained a covenant on the part of the lessee, to pay rent to the attorney. In an action of covenant brought by him to recover the rent, it was held, that as the lease was void, the covenant was so likewise — (Strange 706.) In the case of Northcote v. Underhill, the principle did not apply, because there was a separate and independent covenant, not referring to the estate intended to be granted, nor waiting upon it; and in such cases the covenant may be enforced, although no estate is granted — (Salk. 199.) As therefore, it appears on the face of this record, that nothing passed by the deed, either from the Defendants or their principals, the covenant of warrant} *161 i.í5ver had a legal existence, and cannot be enforced. I think the judgment is right, and ought to be affirmed.
Hall, Judge.
If an estate in the lands in question passed by the deed from Alexander to the Plaintiff, the clause of warranty, or covenant for quiet enjoyment, whichever it n?ay be considered to be, will have its usual operation in favor of the Plaintiff. But if an estate did not pass by that deed, and it is apparent on the deed that nothing passed, the question arises, What is the effect of the warranty or covenant ? That nothing passed by the deed is apparent, I think, and it matters not whether the Defendant was authorised and qualified by those who had title to the lands, to sell them or not $ because the deed is executed by him by signing his own name only, and therefore it is his own deed : and being his own deed only, and he having no title to the land, but the title of the land being in his principals which the deed sets forth, it follows from viewing the deed itself, that no title passed from tiie Defendant to tile Plaintiff. In order to have passed title to the lands, had he authority for so doing, he ought to have signed the names of his principals to the deed, and then it would have been the deed of Ids principals, executed by them by their agent duly autho-rised by them so to do. That the law is so, appears from Comb’s case, (9 Reports, 77, a.) followed and supported by numerous decisions that have taken place since — (2 Ld. Raym. 1418—2 East Rep. 142—Str. 705.) If then nothing passed by the deed, what effect can the clause of warranty have as such ? in Ed. fSeymour’s íuse, (9 Coke 96,) it was said, and so decided by the Court, “ that every warranty must be knit and annexed, to some estate : that every warranty has its essence by dependency upon an estate; — so that if a ¡nan maketh a gift in tail, with warranty to him and his heirs, and tenant in tail maketh a feoffment and dies without issue, the warranty bindeth not, because the estate to which the *162 warranty was annexed is determined; that if no estate is conveyed the warranty is a nullity ; that if any estate is conveyed the warranty annexed to it becomes inoperative when the estate determines.” So in the present case, if no estate was conveyed there is nothing to which a warranty can attach, and therefore the clause of warranty as such is inoperative, and the Plaintiff’s claim cannot be sustained on that ground.
It is next to be seen, whether it can be supported on the same clause as a covenant — and from this enquiry I apprehend there will be the same result. In the case of Caponhurst v. Caponhurst, 1 Lev. 45, and the same case is reported in Ray. 27, 1 Keb. 164, 130, 183, where lessee for years of a long term assigned so much of the term as should be to come af the time of his death to the Plaintiff, ail'd covenanted that he should enjoy it, it was held that the assignment was void, and for that was cited 1 Go. Ckeddmgton-s case — and’that the covenant for enjoyment was also void, and for that was cited Felv. 18. In Northcote v. Underhill, 1 Salk. 199, also reported in 1 Ld. Ray. 888, the Defendant by his deed, granted, bargained, and sold to the Plaintiff and his heirs; provided that if the grantor paid so much money it should he lawful for him to re-enter, and that he covenanted to pay the said money to the Plaintiff, and a breach was assigned in non-payment of the money. It was argued for Defendant that the deed was void for want of enrolment, (which was admitted by the Court,) and that like the case in Lev. as nothing passed by the deed, the covenants were void. Hut Ld. Molt .said that in the case of Caponhurst v. Caponhurst, the covenant was relative and dependant — it referred to an estate., and was to wait upon it, if there was no estate the covenant failed, but in the case his Lordship was then deciding, he said the covenant was distinct, separate and independent; and it was not material whether any estate passed or not. So that both7 these cases are authorities in the present question; for *163 the covenant, for quiet, enjoyment is aniie«-.I to and depend nt upon the estate granted, and if no csiaio or interest passed, the legal consequence lethal, the covenant is void of course. Were there a «áoiineí, separate and independent covenant by which the IMendant bound himself, as for the payment of money or any thing else, he would be bound to the performance of such covenant.
I therefore think it is apparent from the need iiseif, that no estate passed, because the deed was not signed by Ike principals in their respective names by their agent, and that consequently the warranty or covenant (which” ever it may be called) resting and depending upon it, is void and inoperative, and that the judgment oflhe i.’otir; below is light, and ought to be aillricetL
iCeNi>Kebon, Judge, concurred.