SAMUEL DENTON, Adm., &c., *v.* JOSEPH G. STEPHENS et al.

1. AMENDMENT.—Under the new Pleading Act of 1850, the real plaintiff may amend his complaint by substituting the name of one nominal plaintiff for that of another.

2. PARTIES: AMENDMENT: EFFECT OF DEATH OF NOMINAL PLAINTIFF.—A suit will not abate because the nominal plaintiff was dead at the time it was commenced: in such a case the complaint may be amended by inserting the name of the administrator of the nominal plaintiff in his stead: and it seems that the suit might be prosecuted to final judgment in the name of the nominal plaintiff, although he was dead when it was instituted.

3. PRACTICE: ERROR OF COURT IN ALLOWING AMENDMENT: HOW CORRECTED.—The defendant pleaded in abatement that the nominal plaintiff was dead when the suit was commenced. The real plaintiff confessed the plea and was allowed to amend the complaint by striking out the name of the nominal plaintiff and inserting the name of his administrator: the defendant then pleaded in bar, and at a subsequent term of the court moved to dismiss the suit, because of the death of the nominal plaintiff when it was commenced, which was accordingly done. *Held*, That if it were error to allow the amendment, it could not be cor-

rected by the motion to dismiss, but only by appeal or writ of error after final judgment.

In error from the Circuit Court of Calhoun county. Hon. William L. Harris, judge.

*Featherston* and *Orr* for plaintiff in error.

*Harrison* and *Burney*, for the defendants in error.

Smith, C. J., delivered the opinion of the court.

The record in this case presents a question arising under the act to change the form of pleading in the Circuit Courts.

The suit was originally instituted in the name of Malley Fox, the nominal plaintiff; for the use of Wiley B. Woodward, against the defendants in error. At the return the defendants pleaded in abatement, that Malley Fox was dead before the commencement of the suit. Woodward, the real plaintiff, confessed the plea, and upon motion was allowed by the court to amend his declaration by striking out the name of Fox, and inserting that of Samuel Denton, his administrator. Whereupon the defendants filed several pleas to the action, on which issue was joined, and the cause continued. At the ensuing term the defendants moved to dismiss the cause, for the same reason which at the previous term was pleaded in abatement. This motion was sustained, and the suit dismissed.

If it were conceded to have been improper to allow the amendment to be made, the method of correcting it was certainly not by motion to dismiss the suit at a subsequent term, the defendants in the meantime having pleaded to the action. Their only remedy was by appeal or writ of error to this court, prosecuted after final judgment.

But the amendment was fully authorized by the statute. The thirteenth and fourteenth sections of which provide that the "court may at any time amend the pleadings by striking out or adding the name of any party;" and that "suit may be instituted against a party by a fictitious name, and when his true name is ascertained it may be inserted." Art. 185, p. 62.

The courts hold that the party holding the legal title must sue at law. And hence, the holder, by delivery of a promissory note having only the equitable title, must sue in the name of the payee in whom the legal title exists. But our statute, which provides that a suit shall not abate by reason of the death of the nominal plaintiff, and exempts him from all liability for the costs and deprives him of all control over the suit, renders the observance of this rule a compliance with a principle which has but slight substantial reason to support it. Whether a nominal plaintiff be dead or alive at the institution of a suit upon a promissory note, cannot affect the right of the equitable owner to put it in use for the collection of the money, which he has the right to appropriate. Nor can it be of the least importance to the maker whether he is sued in the name of a living or a dead man, as in either event he would not be deprived of any defence which he might have to the action. The amendment allowed, by striking out the name of the payee, who was dead, and inserting that of his administrator,—that is, the insertion of the name of one nominal plaintiff instead of the name of another nominal plaintiff,—was therefore a mere formal amendment. And if before the adoption of the statute, it could not have been made, its provisions, if they mean anything, and are not utterly nugatory, were assuredly broad enough to authorize it to to be done. The amendment was therefore legitimate, and the action of the court in dismissing the cause consequently erroneous.

Judgment reversed, and cause remanded.