## BLOCK v. SCHAFER.

No. 7062—Opinion Filed Jan. 2, 1917.

(162 Pac. 450.)

### Evidence—Documentary Evidence—Copy of Judgment.

A copy of a judgment rendered in a court of another state, when attested by the clerk of said court, with the seal of the court annexed, and certificate of the judge of said court, as is required by sec. 905 of the Rev. Laws of the United States (U. S. Comp. St. 1913, sec. 1519), is admissible as evidence in the courts of this state in a suit upon said judgment, even though the authentication of said judgment does not come up to the requirements of sec. 5098 of the Rev. Laws of Oklahoma 1910.

(Syllabus by Freeman, C.)

Error from District Court, Comanche County; J. T. Johnson, Judge.

Action by Henry Schafer against G. H. Block. Judgment for plaintiff, and defendant brings error. Affirmed.

W. C. Stevens, for plaintiff in error.

R. B. Forrest, for defendant in error.

Opinion by FREEMAN, C. This action was instituted on the 2d day of May, 1913, by Henry Schafer, who will hereafter be referred to as plaintiff, against G. H. Block, who will be referred to as defendant, in the district court of Comanche county. It was

alleged in said petition that the defendant was indebted to the plaintiff in the sum of $4,378.21, with 7 per cent. interest thereon, from the 7th day of January, 1913, and alleged that said amount had been fixed and determined by a judgment rendered in the district court of Terry county, state of Texas, on the 29th day of October, 1912, and that said judgment was obtained in said court in an action between the plaintiff and defendant, and alleged that said judgment was still unsatisfied, except by payment of $1,000 thereon, which had been made by reason of the sale of certain property that was ordered to be sold in said judgment to satisfy said debt, alleging that the defendant was indebted to the plaintiff for the balance of said judgment, interest, and cost, and prayed judgment therefor. Therefore this action was a suit upon a judgment rendered in the district court of Terry county, state of Texas. There was filed with said petition a copy of said judgment, a copy of the order of sale, and a copy of the return of the sheriff, showing the sale of the property and the payment of the $1,000 thereon. To this petition, a demurrer was filed, which was overruled. The defendant then answered by general denial. Upon the trial of this cause in the district court of Comanche county, plaintiff introduced a certified copy of the judgment sued upon from the district court of Terry county, as evidence to prove his claim; also introduced a certified copy of the order of sale from the district court of Terry county and the sheriff's return thereon, for the purpose of showing the payment of the $1,000. This was all the testimony that was introduced, at the conclusion of which a judgment was rendered in favor of the plaintiff on the 6th day of November, 1914. To reverse this judgment, this appeal is prosecuted.

The only assignment of error that is argued by defendant in his brief to reverse this case is that the court erred in receiving incompetent, irrelevant, and immaterial testimony over the objection of the defendant in error. Therefore the only question raised and presented to this court, and the only one for decision is:

"Was the copy of the judgment, offered as evidence in the district court of Terry county, the entire record of said judgment, and was it properly authenticated, to permit its admission as testimony?"

We hold that the overruling of the demurrer in this case was proper; that the petition stated a cause of action, and inasmuch as this was a suit upon a foreign judgment, the introduction of the judgment, in the absence of any other testimony, was all that was necessary to authorize a recovery on the part of the plaintiff.

It is claimed by defendant in his brief that the judgment offered was not a judgment, but was what purported to be an excerpt from the minutes of the district court of Terry county, Tex., and, in order to make the same admissible as testimony, it was necessary to offer the petition, summons, and the proof of said court, together with the judgment, as making up the judgment roll. With this contention we cannot agree. The judgment offered, as shown by the record, is a full and complete judgment. It gives the style of the court in which it was rendered, together with the parties thereto. It recites the fact that the defendant had entered a motion to quash the service, which was overruled. It recites the fact that the defendant filed exceptions to the petition, and that same was overruled by the court with the defendant's exceptions thereto. It recites the fact that the parties announced ready for trial, recites the amount of the judgment rendered thereon, recites the fact that the defendant had mortgaged said property in said county to pay the said judgment, and adjudged that the plaintiff had a lien upon said property to pay said debt and enforce said lien by said judgment, and directed the sale of the property. We hold, therefore, that same was a full and complete judgment, and all that was necessary to prove the plaintiff's case.

It is next argued that said judgment was not properly authenticated, but no authorities are cited which hold that the authentication in this case is insufficient. He does not say whether he relies on the statutes of Oklahoma or upon the statutes of the United States, nor does he undertake to say which applies. Section 905 of the United States Revised Statutes (U. S. Comp. St. 1913, sec. 1519):

"The records and judicial proceedings of the courts of any state or territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, Chief Justice, or presiding magistrate, that * * * said attestation is in due form, and the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."

From this it will be seen that the only authentication that was necessary for the introduction of this judgment as evidence was

the attestation of the clerk of the court and the seal of the court annexed, and a certificate of the judge that the said attestation of the clerk was in due form. The attestation and certificate of the clerk reads:
"State of Texas, County of Terry:

"I, D. J. Braughton, clerk of the district court of Terry county, Texas, do hereby certify that the above and foregoing is a true and correct copy of tne original judgment in case No. 195, on the docket of said court, to wit: Henry Schafer v. Garrett H. Block, as the same appears of record in the minutes of the district court of Terry county, Texas, volume one, page 278, et seq.

"I further certify that the defendant Garrett H. Block, nor any one for him, has taken an appeal from said judgment, nor filed any bills of exception, statement of facts, assignment of errors, motion for a new trial, appeal bond, application for writ of error bond, nor any steps leading to an appeal.

"Witness my hand and seal of said court at my office in Brownsville, Texas, this 5th day of January. 1914. D. J. Braughton, District Clerk of Terry County."

To this certificate and certification is attached the seal of said court. To this is added the certificate of the presiding judge as follows:

"I, W. R. Spencer, judge of the Seventy-Second judicial district of Texas, in which said district Terry is and was, on October 29, 1912, located, do hereby certify that D. J. Braughton is a duly qualified, commissioned and acting clerk of the district court of Terry county, Texas, that I am familiar with the signature of the said D. J. Braughton, and the above signature is genuine, and that the attestation above is in due form. [Signed] W. R. Spencer, Seventy-Second Judicial District of Texas."

This attestation and certificate we hold to be all that is required by sec. 905, United States Revised Statutes. There is no contention that the statutes of Oklahoma, concerning the attestations of a judgment, apply, and if there were, it is well settled that they could not apply in this case, for the reason that the statutes of Oklahoma undertake to place upon the attestation of such instruments, a greater requirement than is placed by the United States statutes, and the authorities are uniform that this cannot be done. The state has a right to prescribe a less requirement for the attestation of records admitted in their own courts, but they cannot require more. It is true that had this been certified to as required by the Oklahoma Statutes, it would have been admissible in our courts, but when the appellee complied with the federal statutes in the attestation of the judgment that he offered in evidence, he had done all that was required

of him, and it necessarily follows that the admitting of the testimony in this case was proper. No prejudicial error was committed by the trial court against the rights of the plaintiff in error, and the judgment of the lower court should be affirmed.

By the Court: It is so ordered.