Note.—See 35 Cyc. pp. 417, 480; 24 R. C. L. p. 65; 3 R. C. L. Supp. p. 1357; 4 R. C. L. Supp. p. 1527.

---

## HILL v. PAIGE MOTOR CO.

No. 17044—Opinion Filed Nov. 30, 1926.

Rehearing Denied Feb. 15, 1927.

1. **Partnership—Fictitious Name—Right to Sue—Statute.**

Our statute, section 8141. C. O. S. 1921, provides that a partnership doing business under a fictitious name shall file a certificate with the clerk of the district court setting forth the names and addresses of all the partners, and shall also publish said certificate in some newspaper in the county where such business is conducted, and cannot maintain a suit in the name of the partnership until said law is complied with; and where the question is properly raised and proven, it has the effect of abating the suit until the statute is complied with, and the burden of proving that the statute has not been complied with is on the party who raises the question.

2. **Same—Objection by Defendant—Lack of Proof.**

Where the defendant alleges in his answer that plaintiff is a partnership doing business under a fictitious name, and had not complied with section 8141, but offers no proof of said allegation, the law will presume that plaintiff had complied with said statute.

(Syllabus by Maxey. C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Paige Motor Company, a copartnership composed of J. C. King and G. L. Carr, against G. W. Hill on promissory note. Judgment for plaintiff, and defendant appeals. Affirmed.

H. A. Hicks, for plaintiff in error.

E. W. Schenk, for defendant in error.

Opinion by MAXEY, C. This action was begun before a justice of the peace of Carter county, by plaintiff filing a bill of particulars to which defendant filed answer. The answer is that plaintiff, being a partnership, was doing business in violation of section 8141, C. O. S. 1921, which provides that a partnership doing business under a fictitious name shall file with the clerk of the district court of the county in which it is doing business a certificate, stating the names of the partners, and publish same, as provided in said section. No reply was filed to the answer, but the case was tried on the bill of particulars and the answer, and the justice of the peace rendered judgment for the plaintiff, Paige Motor Company. An appeal was taken to the district court. and there tried on the same pleadings as in the justice of the peace court, and again resulted in a verdict for the plaintiff. and defendant has appealed to this court.

The plaintiff in error relies on three propositions for reversal by this court: First, the error of the district court in not sustaining the demurrer of defendant to the evi-

dence of plaintiff. Second, the judgment is contrary to law and the evidence. Third, retax cost of stenographer for case-made.

The first and second propositions are argued together, and it is contended that the plaintiff, Paige Motor Company, being a partnership, doing business under a fictitious name. and not having complied with the law of this state, cannot maintain this action. Counsel claims that this question is a jurisdictional one, but we do not think so. The certificate provided for in section 8141, supra, can be filed at any time, and if the question had been properly raised in the answer and by proof by plaintiff, it would have only had the effect of abating the suit until the plaintiff could comply with section 8141, supra, as provided in section 8143, C. O. S. 1921.

The trouble with the defendant's defense is that he filed an answer alleging that the plaintiff was a partnership doing business under a fictitious name and had not complied with the section of the statute above cited, but he did not offer any testimony to prove said allegation, and there is no evidence in the record to sustain said allegation. Counsel for defendant claims that when he alleged it in his answer, as new matter, the plaintiff must reply to it, and either admit or deny such facts, but that is not the law. No pleadings are necessary in a justice court, and when the case is appealed to the district court, it is tried de novo. If the defendant deemed the question of a failure to comply with the statute as material, he should have introduced evidence to prove said allegation. A reply was not necessary, and could be waived, if it was necessary. The contention between the attorneys for the respective parties is that counsel for defendant claims that the burden of showing a compliance with the statute by the plaintiff was on the plaintiff., and the plaintiff contends that the burden was on the defendant, and he not having offered any testimony on that subject, the answer must be taken as not true. This question has been passed on by this court in a number of cases, but we will only cite the very recent case of General American Oil Co. v. Wagoner Oil & Gas Co., 118 Okla. 183, 247 Pac. 99. In the third paragraph of the syl'abus the court says:

"Under such state of the pleadings, defendant alleging failure of plaintiff to comply with the recording acts and other requirements of the law governing express trusts in this state, the burden of proof thereof was on defendant alleging such affirmative defense, and failure of defendant to undertake such proof is equivalent to an abandonment of such defense."

The law presumes that a person or body of persons bringing a suit has complied with the law regulating the formation of such body. In the case of General American Oil Co. v. Wagoner Oil & Gas Co., supra, the rule appears to be that, defendant having failed to offer any proof in support of his allegation that plaintiff had failed to comply with the law, his defense must fail. On the third proposition, which is an attempt to retax costs of the the stenographer for the case-made, this is not a proper way to get the stenographer's costs retaxed, but it should be done by a motion in this court to retax the costs, and cannot be done by an assignment of error, because the case has passed out of the jurisdiction of the trial court, and cannot be assigned as error. It may be that the costs ought to be retaxed. and from the showing made in plaintiff in error's brief we think the costs should be retaxed, and no doubt will be, if presented in the proper manner.

We think the judgment of the trial court was right, and should, in all things, be affirmed.

By the Court: It is so ordered.