CRISP et al. v. NUNN et al

No 25593.   June 18, 1935.

Rehearing Denied July 16, 1935.

204

R. S. Howe and H. M. Shirley, for plaintiffs in error.

J. C. Weaver, for defendants in error.

PER CURIAM. This action was originally filed in the justice of peace court in Oklahoma county by J. M. Nunn, manager of the J. & J. Drug Company, for drugs and sundries sold to Mr. and Mrs. Robert Crisp, defendants below. Defendants answered by general denial, and further answering, stated that they were not liable to this plaintiff on said account, they having not agreed to answer for the debt, default or miscarriage of another in writing or verbally; that if there be anything due and owing the plaintiff herein on the account sued on, same is due and owing from the Department of the Interior of the United States of America. From a judgment in favor of plaintiff by the court of common pleas, this appeal is prosecuted.

The only evidence introduced in the trial of this cause was that of plaintiff, and upon cross-examination of plaintiff's witness, it developed that J. & J. Drug Company was owned by G. A. Nunn and J. M. Nunn. The defendants, by their attorney, admitted that the drugs were sold to the defendants, but deny that defendants were liable therefor, and further objected to the introduction of testimony for the reason that the suit was not filed by the proper party.

After the introduction of the testimony defendants rested, and the court permitted plaintiff to amend its bill of particulars by adding the name of G. A. Nunn as a party plaintiff.

It was not reversible error for the court to allow the petition to be amended by inserting the name of G. A. Nunn as party plaintiff. This court has very recently held in Atlas Assurance Company of London v. Fairchild, 171 Okla. 609, 43 P. (2d) 482; after quoting section 251, O. S. 1931. as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of the party or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment"

—that under said section "it is not reversible error for the court to permit the substitution of a new plaintiff when the first-named plaintiff sues as agent for the real party in interest."

This amendment shows who were the owners of the J. & J. Drug Company, and in Reeves v. Noble, 88 Okla. 179, 212 P. 995, Branson, J., speaking for the court, says:

"Under statutes allowing amendments in the discretion of the court, however, such as ours (section 4790, Rev. Laws 1910), the court may permit the substitution of a new plaintiff—a competent plaintiff substituted for an incompetent one. Bedard v Mahoney (R. I.) 76 Atl. 113; Noziska v. Aten (S. D.) 152 N. W. 694, 64 Am. Dec. 64; Crary v. Kurtz (Iowa) 105 N. W. 590, 109 N. W. 452, 119 Am. St. Rep. 549; White v. Johnson. 27 Ore. 282. 40 P. 511, 50 Am. St. Rep. 726, and note, citing authorities on page 741."

Section 11662, O. S. 1931, provides:

"Except as otherwise provided, in the next section, every partnership transacting business in this state under a fictitious name or a designation not showing the names of the persons interested as partners in such business must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated. a certificate stating the names in full of all the members of such partnership and their places of residence and publish the same, once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county. then in a newspaper published in an adjoining county."

And where the defendant relies upon the fact that plaintiff is a partnership doing business under a fictitious name without complying with section 11662, O. S. 1931, but

offers no proof that plaintiff has failed to comply with said statute, the law will presume that plaintiff had complied with same.

In Hill v. Paige Motor Co., 123 Okla. 254, 253 P. 97, this court held that the burden of proof of lack of compliance with the statute concerning transacting partnership business under a fictitious name is on party raising the question.

In the absence of proof, compliance with the statute concerning partnership business under a fictitious name will be presumed. In this case defendants offered no proof showing that plaintiff had failed to comply with the statute in doing business under a fictitious name. If they were, and had failed to comply with the statute, the proof was at hand in the district clerk's office, and could have been shown by defendant by calling in the court clerk, but they failed to do this and offered no testimony in the trial of this case. Hence, the law presumes that plaintiff had complied with said statute. Judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys I. M. King, J. F. McKeel, and C. F. Green in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. King and approved by Mr. McKeel and Mr. Green, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, GIBSON, and BUSBY, JJ., concur.