## McINTIRE v. TORRANCE, Adm'x, et al.

No. 28775.   April 25, 1939.

Williams, Cowan & Benedum, for plaintiff in error.

James H. Chambers and J. L. Abernathy, Jr., for defendants in error.

DANNER, J. On March 19, 1937, Belle Torrance, Margaret Torrance, Katherine Torrance, and William H. Torrance, as heirs of J. M. Torrance, deceased, filed suit against J. A. McIntire, the plaintiff in error, Frank Adkins, and others, to recover on a promissory note and to foreclose a mortgage on real estate, which note and mortgage were executed by the defendant Frank Adkins to the Everest-Porter Mortgage Company and subsequently assigned to plaintiffs' decedent.

Following an adverse ruling on his demurrer to the petition, the defendant McIntire answered denying generally the allegations in the petition and asserting further the incapacity of the plaintiffs to maintain their action for the reason that plaintiffs were residents of the state of Illinois and under the laws of that state such action could be maintained only by the legal representative of the estate of J. M. Torrance, deceased.

Thereafter, on application of the plaintiffs, the court made Belle J. Torrance, administratrix of the estate of J. M. Torrance, deceased (under appointment of the county court of Warren county, Ill.,) an additional party plaintiff. The administratrix was the same person as Belle Torrance, one of the original plaintiffs in the action. The cause was tried to the court on the amended petition of the plaintiffs (under what amounted to a substitution of the administratrix as plaintiff) and the amended answer to the defendant McIntire. The court overruled McIntire's demurrer to plaintiff's evidence and, upon failure of proof by any defendant in the action in support of the allegations in their pleading, judgment was rendered in favor of the substituted plaintiff.

The defendant J. A. McIntire challenges the judgment upon two grounds: First, that the judgment is ineffectual for the reason that it was rendered in favor of the administratrix to the exclusion of the original parties plaintiff; and, second, that the court erred in admitting in evidence copies of the letters of administration in the estate of J. M. Torrance, deceased, inasmuch as no ancillary proceedings were shown authorizing the administratrix to maintain the suit.

The certified copy of the letters of administration in the estate of J. M. Torrance, deceased, introduced in evidence, shows the appointment of Belle J. Torrance as administratrix to have been made on September 9, 1937, by John Hillen, clerk of the county court of Warren county, Ill., by Lorene Glenn, deputy. The appointment conforms to the provisions of section 23,

chapter 25, Illinois Rev. St. 1929. Attached to and made a part of the copy of the appointment is a certificate executed by John Hillen, clerk of the court. The clerk's attestation of the letters of administration is certified to by Hon. Max Kidder, judge of the county court. The certificate of the county judge is certified by the clerk of the court.

The defendant cites no authorities in support of the contention raised on this issue. From our investigation we are convinced that the authentication of the records of the county court of Warren county, Ill., conforms to the requirements of 28 U. S. C. A., section 687, and likewise is a substantial compliance with the laws of this state. Section 320, O. S. 1931, 12 Okla. St. Ann., sec. 485, and sec. 1207, O. S. 1931, 58 Okla. St. Ann. sec. 262. See Block v. Schafer, 62 Okla. 114, 162 P. 456. That part of section 1207, O. S. 1931, material here reads as follows:

"It shall be lawful for any person or persons to whom letters testamentary or of administration have been granted, by the proper authority in any of the United States or the territories thereof, to maintain or defend any suit or action, and to prosecute and recover any claims in the courts of the state of Oklahoma, in the same manner as if the letters testamentary or of administration had' been granted to such person by the proper authority in this state, and the letters testamentary or of administration, or a copy thereof, certified under the seal of the authority granting the same, shall be sufficient evidence to prove the granting thereof, and that the person therein named has administration. * * *"

In the present case the letters of administration expressly authorized the administratrix to collect the property and debts due the estate of the deceased wheresoever they were found and in general to do and perform all other acts consistent with the duties of the office.

It would follow, therefore, that the judgment should be approved if the second contention of the defendant is not well taken. In this connection it is proper to observe that the cause of action was not changed by the amendment to the petition substituting the administratrix as party plaintiff. In R. C. L. 20, page 698, it is stated:

"No amendment of any pleading nor the filing of any additional pleading is required when the pleadings already filed state the cause of action or defense for or against the party substituted. And, as a general rule, the substituted party takes up the prosecution or defense at the point where the original party left it, assuming the burdens as well as receiving the benefits." Fish v. Smith, 73 Conn. 377, 47 Atl. 711, 84 A. S. R. 161.

In Reeves v. Noble, 88 Okla. 179, 212 P. 995, in the body of the opinion, we said:

"Under statutes allowing amendments in the discretion of court, however, such as ours (section 4790, Rev. Laws 1910), the court may permit the substitution of a new plaintiff — a competent plaintiff substituted for an incompetent one." Citing cases.

See, also, section 251, O. S. 1931, 12 Okla. St. Ann. sec. 317, and Crisp et al. v. Nunn et al., 173 Okla. 203, 47 P.2d 139; McKee v. Dickerson et al., 122 Okla. 240, 254 P. 57; Zahn v. Obert et al., 60 Okla. 118, 159 P. 298.

On the proposition under consideration, the defendant has not favored us with any authorities holding contrary to the decisions of the courts in cases herein cited. In view of the condition of the record and the prevailing law, we conclude that the proceedings in the trial court are without error. Therefore, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., concur.