DIERKS et al. v. WALSH.

No. 29878. April 6, 1943.

Rehearing Denied June 8, 1943.

*141 P. 2d 95.*

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., Tom Finney, of Idabel, and McPherren & Maurer, of Oklahoma City, for plaintiffs in error.

F. L. Welch, of Antlers, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Pushmataha county. It was instituted in that court on the 9th day of September, 1937, by Edward Walsh, as plaintiff, who sought to quiet title to a half section of land situated in Pushmataha county, Okla., and in doing so to destroy an alleged outstanding tax title asserted to be claimed under a resale tax deed executed in 1931, purporting to convey the land in question to Pushmataha county, Okla., and a subsequent county commissioners' deed executed on August 7, 1933, conveying the title of the county, if any, to Herbert Dierks, one of the defendants in this action. The Dierks Lumber & Coal Company and the Choctaw Lumber Company were also named as party defendants.

Immediately prior to the trial of the case, Gerald Walsh was substituted as party plaintiff for Edmond Walsh for the reason that he had acquired title from Edmond Walsh prior to the institution of the action and Edmond Walsh had been originally named as party plaintiff by inadvertence and mistake. The record does not reflect that any objection was made to the order of substitution at the time it was made.

The cause was tried to the court without the intervention of a jury, and the tax title was determined to be invalid and relief granted contingent upon plaintiff making good a proper tender.

The defendants Herbert Dierks and the Dierks Lumber & Coal Company have appealed, appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designation.

The principal question in this litigation relates to the validity of the resale tax deed. If that deed was invalid the county had no title to convey. Under the view we adopt in this case, only one phase of the attack upon the deed need be considered.

There was a defect in the notice of sale of property for delinquent taxes in 1928 (the original sale which in due course led to the resale). While the required number of publications of the notice preceded the sale, two of such publications did not state the time and place of sale.

Our statute (68 O. S. 1941 § 382) which prescribes the contents and manner of publication of the notice of sale for taxes reads in part:

". . . Such notice shall contain a notification that all lands on which the taxes of such fiscal year remain due and unpaid will be sold, and of the time and place of the sale, and shall contain a list of the lands to be sold and the amount of taxes due. . . ."

It is urged that the failure of the two publications to specify where and when the sale would be held may be excused upon the theory that by reading other sections of the statute those interested might have ascertained the time and place of sale. If the Legislature had deemed the other statutes sufficient notice of the time and place of sale, it would not have required a statement thereof in the notice. The question of the requirements of the notice is legislative, not judicial.

Upon similar considerations the entire publication of notice or the failure to make one of the required publications might be excused. It could be argued with equal logic that having

read the statutes fixing the time and place of sale, those interested might also ascertain the property to be sold by inquiring at the county treasurer's office. This line of reasoning, however, cannot be squared with our decision in Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263. We therein held that the failure to make one of the required publications was fatal to a tax deed subsequently issued. Our reason for so holding was clearly expressed in the opinion. We therein said:

"Section 452, supra, in effect and by necessary intendment, provides that there are six requisites to a valid resale tax deed. We find demonstrated a clear legislative intent to the effect that the omission of any one of them would be fatal to the validity of the tax deed. The sixth requisite is that the property was sold for taxes as stated in the deed, and was duly advertised before being sold. It is noteworthy that the Legislature made use of the word 'duly'. . . .

"In view of the clearly defined meaning of the language employed, we hold that where the notice of a sale of property is for a lesser period than that prescribed by law, said property has not been duly advertised, and until said property has been duly advertised, that is, properly, regularly and according to law, there has been a total omission of one of the six requisites to a valid deed and thus the defect is not reached by the so-called curative provisions of the statute."

The property in this case has not been advertised properly, regularly, and according to law.

The case of Welborn v. Whitney, supra, was thoroughly considered by this court and the language used to express our views was carefully chosen. It affords a measure of protection to the property owner by vitalizing a statute designed for his protection just as Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573, afforded a measure of proper protection to purchasers at tax sales and incidentally, the defendant herein, by giving force and effect to the tender statute.

Our attention is directed to Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85; Taylor v. Trow, 191 Okla. 485, 131 P. 2d 79; and Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061. The mentioned cases do not treat the defect involved in the case at bar or in Welborn v. Whitney, supra.

The situation here presented is sufficiently analogous to that involved in Welborn v. Whitney, supra, to be governed thereby, and upon authority of that case the tax deed now before us is declared invalid. The defect is such as to be beyond the curative effect of the presumptive evidence statute discussed in Welborn v. Whitney, supra.

Complaint is made by the defendants of the substitution of plaintiffs. While at common law the substitution of parties plaintiff was frowned upon, the rules of the common law have been liberalized by statute and judicial decision in this jurisdiction. Thus substitution is permissible under 12 O. S. 1941 § 235, when a transfer of interest occurs, and, similarly, substitutions have been approved under the power of the court to permit amendments under 12 O. S. 1941 § 317. Crisp v. Nunn, 173 Okla. 203, 47 P. 2d 139; Atlas Assurance Co. of London v. Fairchild, 171 Okla. 609, 43 P. 2d 482.

There may be some question concerning the existence of a right of substitution in this case under either of the statutes above mentioned or the adjudicated cases, supra. See annotation 135 A. L. R. p. 325, at 331 et seq. However, in this case, the defendants failed to object and there is no appearance of prejudice whatever. The real party in interest was before the court at the trial and no change of issues was involved.

The error, if any, was harmless. It did not affect the substantial rights of the adverse party.

The decision of the trial court is affirmed.

GIBSON, V.C.J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur. CORN, C.J., and RILEY and HURST, JJ., dissent. WELCH, J., absent.