DIERKS et al. v. WALSH.

No. 31941. Jan. 15, 1946.

*165 P. 2d 354.*

Tom Finney, of Idabel, and Chas. E. McPherren, of Oklahoma City, for plaintiffs in error.

F. L. Welch, of Antlers, for defendant in error.

RILEY, J. This is an appeal from an order denying a petition to vacate an alleged void judgment. The action was commenced September 9, 1937, in the name of Edmond Walsh as plaintiff against Herbert Dierks et al. to quiet title and for possession of 320 acres of land in Pushmataha county; for the cancellation of a resale tax deed to the county and a subsequent county commissioners' deed conveying said land to Herbert Dierks.

Dierks denied generally the allegations of the petition, but admitted that Edmond Walsh was the owner of the land from January 2, 1917, until May, 1931, the date of the resale deed to the county. Dierks pleaded validity of the resale deed to the county, the county commissioners' deed to Dierks, dated August 7, 1933, and claimed to be the owner of the fee-simple title in and to the land; likewise, that defendant Dierks Lumber & Coal Company was the owner of such interest in the timber on the land theretofore held by the Choctaw Lumber Company. That interest was not specified.

Before trial, Gerald Walsh was substituted as plaintiff. Judgment was in favor of plaintiff and against defendants. By it, the resale tax deed and county commissioners' deed were canceled upon condition of payment of the amount paid for the commissions' deed and taxes paid on said land, with interest thereon at 6% per annum, amounting in all to $450.37. This sum plaintiff tendered in open court.

Defendants appealed, but the judgment was affirmed. Dierks et al. v. Walsh, 192 Okla. 584, 141 P. 2d 95.

Before the mandate was issued, defendants (plaintiffs in error on appeal) were informed that four months before the time the action was commenced in the district court in the name of Edmond Walsh, without knowledge to them, he had departed this life, May 7, 1937. Plaintiffs in error sought a remand of the cause with directions to dismiss because the action was a nullity in that neither the district court nor this court could have jurisdiction of a deceased person. It was made to appear further that Edmond Walsh had, prior to commencement of the action, conveyed his interest in the land to Gerald Walsh, but that counsel for plaintiff did not seek substitution of Gerald Walsh as plaintiff but continued to prosecute the action in the name of Edmond Walsh for the benefit of Gerald Walsh.

The application or motion was denied

and the mandate issued and recorded October 12, 1943.

Thereafter, on November 22, 1943, plaintiffs in error commenced this proceeding to vacate the judgment, and alleged that on October 9, 1936, when Edmond Walsh executed the quitclaim deed conveying the land to Gerald Walsh, Edmond Walsh had been out of possession of the land since November 28, 1928, when the land was sold to Pushmataha county for delinquent taxes, after which, in April, 1931, the county purchased said land at resale, and that Herbert Dierks, on August 7, 1932, purchased the land from the county; that by reason thereof Gerald Walsh secured no right, title, or interest by virtue of the quitclaim deed; and that the withholding of the facts concerning the death of Edmond Walsh was with the object wrongfully avoiding the defense of champerty.

Gerald Walsh, appearing as substituted party plaintiff, answered and alleged that Edmond Walsh was the record owner of the land at the time the suit was filed; that the attorney who filed the suit did not know that prior thereto Edmond Walsh had conveyed the land by unrecorded deed to his son, Gerald Walsh, who should have been named as party plaintiff, and that through mistake and inadvertence the suit was filed in the name of Edmond Walsh; that on the day of the trial, the attorney for Gerald Walsh, in open court, stated these facts to the court and the court, without objection, allowed Gerald Walsh to be substituted as party plaintiff; that upon trial the court found the tax title of defendants invalid; that on appeal the right of substitution of Gerald Walsh as plaintiff was determined, as well as the motion of defendants to recall the decision of this court. It was further alleged that the petition to vacate came too late in that it was not filed until November 22, 1943, and summons was not issued until April 10, 1944, and therefore this proceeding is barred by the statute of limitations, 12 O. S. 1941 § 1038.

Upon trial, the evidence consisted of the original judgment, the mandate, certified copy of the motion to withdraw opinion and decision in the former appeal, the order of this court denying said motion, and the order of the district court to spread the mandate of record. It was then stipulated:

". . . that counsel for the purpoted plaintiff, Edmond Walsh, was not aware of the fact that the said Edmond Walsh was deceased prior to the time that this suit was filed, and said counsel did not learn of said fact of the death of said Walsh until after the trial and rendition of the judgment in this suit in this court and the affirmance of the said judgment in the Supreme Court of Oklahoma, and shortly after June 15, 1943. Second, that counsel for the purported plaintiff, Edmond Walsh, had conveyed all his right, title and interest in the land involved in this suit to Gerald Walsh prior to his death and prior to the institution of this suit in the name of the said Edmond Walsh, and not until shortly before the trial of this action in this court."

Judgment was entered June 20, 1944. The trial court found:

". . . that the matters and things alleged as grounds for the said application and motion were considered and determined by the Supreme Court in the appeal on the part of the defendants from said judgment herein, and on that account the said application and motion should be overruled."

Judgment was entered accordingly. Defendants appeal, and urge: (1) That the action as filed in the name of Edmond Walsh, who was at the time deceased, was a nullity and that no action was or could be pending at the time the order was made substituting Gerald Walsh as plaintiff, and that no valid judgment could be rendered. (2) That aside from the fact that no action was pending, the substitution of Gerald Walsh as plaintiff was obtained by false representations to the effect that Gerald Walsh had succeeded to the interest of Edmond Walsh subsequently to the filing of the suit, and that there-by defendants were prevented from presenting the defense of champerty.

Under the first proposition, plaintiffs in error cite, as the alleged leading case, Brooks v. Boston & N. St. Ry. Co., 211 Mass. 277, 97 N. E. 760. There an action was commenced in the name of Louise N. Brooks for personal injuries when, at the time the action was commenced, Louise N. Brooks was deceased and no executor or administrator had been appointed. It was held that under a statute which authorized the court to allow any amendment in the matter of form or substance in any process, pleading, or proceeding which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, no amendment was permissible and no judgment could be entered for the reason that the proceedings were a nullity ab initio.

That case is not in point. The opinion itself distinguishes the case from that of Lewis v. Austin 144 Mass. 383, 11 N. E. 538, which is in point. There, a judgment was obtained in New York in favor of A, for the benefit of B, A having no beneficial interest in it. A died and thereafter his widow, whose initials were the same as those of A, was appointed his executrix and she assigned the judgment to B, with specific authority to sue on the judgment in her name as executrix. B thereafter commenced an action in Massachusetts on the judgment, in the name of A who was then deceased. Amendment was allowed, substituting A's widow (executrix) as plaintiff and adding an allegation that the action was brought for the benefit of B. It was held that the trial court had power to allow the amendment. In the opinion it is said that B was the real plaintiff and:

". . . if the legal right of action had been in him, and he had brought the action in another name, whether there was or was not a known person of that name, he would have been allowed to substitute his own name as plaintiff. Crafts v. Sikes, 4 Gray 194; Cain

v. Rockwell, 132 Mass. 193. As the legal owner of a demand who brings a suit upon it in another name, or the name of another person, can be allowed to substitute his own name, and as the beneficial owner who brings a suit in his own name can be allowed to substitute the name of the legal owner, it would seem to follow that when the beneficial owner brings a suit in a name, not of the legal owner, whether that of an existing person or not, the court would have authority to allow him to substitute for it the name of the legal owner. It is no objection that there is no person in being of the name in which the suit is brought."

The distinction is that where there is no person in being having a legal or beneficial interest in a cause of action, capable of bringing or maintaining a suit, an action brought in the name of the deceased person who in his lifetime had a legal or beneficial interest in the cause of action is a nullity, and no amendment as to process or otherwise is permissible. Brooks v. Boston & N. St. Ry. Co., supra; Karrick v. Wetmore, 22 D. C. App. 487. Plaintiffs in error cite a number of other cases involving the question of revivor which are not directly in point.

But where there is a person in being who has a legal or beneficial interest in the cause of action and is capable of bringing the action in his own name, and brings it in the name of another person, whether such person be living, or dead, an amendment substituting the real party in interest as plaintiff is permissible where the cause of action remains the same and defendant is deprived of no defense. Lewis v. Austin, supra; Denton v. Stephens et al., 32 Miss. 194; Justices of Camden County v. Sawyer, 9 N. C. 161.

The same principle was applied in Lilly et al. v. Tobbein et al., 103 Mo. 477, 15 S. W. 618, and in Norton et al. v. Steinfeld et al., 36 Ariz. 536, 288 P. 3. In such cases, as was said in Denton v. Stephens et al., supra, it cannot be of the least importance to the defendant whether he is sued in the name of a living or dead person, as in either event he would not be deprived of any defense which he might have to the action. The general rule is:

". . . Where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff." 47 C. J. 157.

In Hanlin v. Baxter, 20 Kan. 134, where the wrong party had been named as plaintiff and substitution was allowed, the court, speaking through Mr. Justice Brewer, said:

"Our own statute of amendments in terms authorizes the 'adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect'."

Our statute, 12 O.S. 1941 § 317, is the same as that of Kansas.

Substitution as to party plaintiff is permissible under our statute where the cause of action remains the same and defendant is deprived of no defense. Mainard et al. v. Fowler et al., 171 Okla. 582, 42 P. 2d 878; McIntire v. Torrance, 185 Okla. 19, 90 P. 2d 17; Reeves v. Noble, 88 Okla. 179, 212 P. 995; Illinois Oil Co. v. Block, 129 Okla. 122, 263 P. 650; Schock v. Fish, 45 Okla. 12, 144 P. 584; Clark v. Holmes, 31 Okla. 164, 120 P. 642; Lewis v. Clements, 21 Okla. 167, 95 P. 769; Davis v. Robedeaux, 97 Okla. 86, 222 P. 990; Starr v. Thompson, 80 Okla. 223, 195 P. 758; Atlas Assurance Co. of London v. Fairchild, 171 Okla. 609, 43 P. 2d 482; Crisp v. Nunn, 173 Okla. 203, 47 P. 2d 139. In this case Gerald Walsh could have brought and maintained the action, subject, of course, to any defense defendants had, including champerty, and it was not error to allow the substitution.

In connection with the second proposition, plaintiffs in error assert that

Gerald Walsh sought and obtained the substitution by falsely representing to the court that he acquired his interest subsequent to commencement of the action. Plaintiffs in error in their brief and reply brief, at least six times, assert such to be the fact. The record such as we have does not sustain the assertion. What was said and what representations were made at the time are not in the record before us. The journal entry is all we have in the record which throws any light on the matter. It reads:

". . . Gerald Walsh is the real party plaintiff in interest herein, he claiming he purchased the real estate involved herein and received title thereto from the said Edmond Walsh by un-recorded deed prior to the filing of this action and through inadvertence and mistake the said Edmond Walsh was made party plaintiff when Gerald Walsh should have been named as party plaintiff, and now it is moved that the said Gerald Walsh be substituted as plaintiff herein, and thereupon the Court orders the substitution of the said Gerald Walsh as party plaintiff herein, and it is ordered that this cause proceed with the said Gerald Walsh as party plaintiff."

This conclusively refutes the assertion of false representations as to the time when Gerald Walsh acquired his interest in the property. It also answers the further assertion of plaintiffs in error that no motion to substitute was made. True, the motion is not in the record before us, but the journal entry states that it was "moved that the said Gerald Walsh be substituted as plaintiff herein."

We cannot say that plaintiffs in error were prevented from presenting the defense of champerty, if such defense they had. As soon as the representation was made that Gerald Walsh had secured his title by unrecorded deed prior to the filing of the action, plaintiffs in error knew them, as well as now, whether Edmond Walsh had been in possession of the property or received any rents or profits therefrom within the year before Gerald Walsh obtained his deed. Immediately upon the introduction of his quitclaim deed in evidence, the date when title was acquired was disclosed and plaintiffs in error then had full opportunity to present their claim of alleged champerty. They failed to do so, but elected to proceed to trial on the theory that Herbert Dierks had good and valid title to the property. The case was tried on that theory and that theory alone. They appealed to this court on that theory and made no effort to inject the defense of champerty. The statute, 12 O. S. 1941 § 272, provides that defendant may set forth in his answer as many grounds of defense as he may have, whether heretofore denominated legal or equitable, or both. In Boyd v. Huffaker et al., 40 Kan. 634, 20 P. 459, it is said:

"But if a defendant omit to set up any mere defense which he may have to plaintiff's action he will wholly lose such defense if the judgment should be rendered against him, and he cannot afterwards set it up in another action. See authorities heretofore cited. And further: 'Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply'."

Other matters are presented, which we deem unnecessary to discuss.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.