CHICKASHA PACKING COMPANY and State Insurance Fund, Petitioners,

v.

Luther BROWN, Administrator, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39517.

Supreme Court of Oklahoma.

June 12, 1962.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Duke Duvall, Duvall, Head & West, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

In this proceeding petitioners, Chickasha Packing Company, and its insurance carrier, State Insurance Fund, seek to review an award made under the death benefit provisions of the Workmen's Compensation Act, 85 O.S.1961 § 1 et seq.

On the 10th day of December, 1956, Robert Brown sustained an accidental injury arising out of and in the course of his employment with Chickasha Packing Company. On March 19, 1957, he filed a claim with the State Industrial Court for disability arising from this injury. On June 5, 1957, Robert Brown died. On July 19, 1957, Victoria Brown, claiming to be the widow of Robert Brown, filed a claim under the death benefit provisions of the Workmen's Compensation Act. It was later found and established that Everlina Brown was, at the time of his death, the legal wife of Robert Brown. On March 17, 1958, Everlina Brown died. On January 12, 1959, her administrator, Luther Brown, son of Everlina Brown, filed a claim, as intervenor, under the death benefit provisions of the Workmen's Compensation Act and an award based on his claim was made. Therein the court stated:

"That Robert Brown, deceased, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above

named respondent, on or about December 10, 1956, consisting of an injury to his head, which aggravated and activated a previous condition in deceased's head, and hastened and accelerated the death of deceased, which occurred on June 5, 1957.

"That Luther Brown has been appointed administrator of the estate of Everlina Brown deceased; that Everlina Brown, deceased, was the widow of Robert Brown, deceased, and the only surviving dependent legal heir of the deceased, Robert Brown.

"That on the date of the death of Robert Brown, said widow, Everlina Brown, became entitled to the $13,500.00 death benefits as provided by the Workmen's Compensation Law of Oklahoma; but that Everlina Brown died on or about November 5, 1958, (correct date March 17, 1958) and prior to the adjudication of the above claim for said benefits; and that Luther Brown, son of the deceased, Robert Brown and Everlina Brown, was appointed administrator of the estate of the sole and only dependent heir, Everlina Brown; and that Everlina Brown and no one else was a legal dependent heir of Robert Brown, deceased, at the time of his death; wherefore, it is the order of this Court that respondent or insurance carrier pay to Luther Brown, administrator of the estate of Everlina Brown, the sum of $13,500.00, less $2,275.00 to Duke Duvall, claimant's attorney, as a reasonable fee herein."

The Chickasha Packing Company and its insurance carrier hereinafter called petitioners raise three propositions. It is first argued that the claim is barred for failure to file within one year after the death of Robert Brown on June 5, 1957.

Since this question is dispositive of the cause the remaining propositions will not be considered or discussed.

The record discloses that Robert Brown and Victoria were living together at the time of the accidental injury and his death. They had been living together for fourteen years. Before an award was made petitioners raised the issue that Victoria Brown was not the wife of Robert Brown. This was confessed and the right of Victoria Brown as claimant was abandoned. Thereupon proceedings were conducted establishing Everlina Brown was and had always been the wife of Robert Brown. It is undisputed that Luther Brown, administrator, is the son of Everlina and Robert Brown. The question presented therefore is whether the claim filed by Luther Brown, as administrator of the estate of Everlina Brown, was barred by the statute of limitations. 85 O.S.1961 § 43.

Two other questions have been raised by petitioner but since the cause is being decided wholly on the statute of limitations a determination of the other questions are unnecessary.

Claimant cites and relies upon Motsenbocker v. Shawnee Gas and Electric Co., 49 Okl. 304, 152 P. 82, L.R.A.1916B, 910; Missouri, K. & T. Ry. Co. v. Lenahan, 68 Okl. 73, 171 P. 455; Missouri, K. & T. R. Co. v. Lenahan, 85 Okl. 290, 206 P. 233; Atlas Assurance Co. of London v. Fairchild, 171 Okl. 609, 43 P.2d 482; Crisp v. Nunn, 173 Okl. 203, 47 P.2d 139; American National Bank of Enid v. Crews, 191 Okl. 53, 126 P.2d 733; Rock Island Improvement Co. v. Davis, 195 Okl. 513, 159 P.2d 728. In each of these cases the action was brought by or against a party or parties having an interest in the cause of action and the party or parties joined or substituted had a like or similar claimed interest in the cause of action. They are not applicable to a case where two separate claims are filed under the Workmen's Compensation Act on behalf of two women, each purporting to be the wife of a deceased employee.

Claimant also relies on Bryan v. Inspiration Consol. Copper Co., 23 Ariz. 541, 205 P. 904. That case is similar to the Motsen-

bocker case, supra, in which a mother in an action for the wrongful death of her son was allowed to amend the petition by joining the brothers and sisters of the son. Claimant also cites Beresh v. Supreme Lodge Knights of Honor, 255 Ill. 122, 99 N.E. 349. In that case an action was brought on a certificate of insurance issued by the lodge to two persons named by the holder of the certificate as his nephews. The two persons were found not to be the nephews and denied the right to take the amount of the certificate under the provisions of the certificate which limited recovery to certain classes described in the certificate. Thereupon the wife and stepson were substituted and it was held that the statute of limitations, which had run in the meantime did not bar the action of the wife and stepson. The court stated there was a positive contractual obligation to pay the amount of the certificate to the parties named therein and that the class named in the certificate could be substituted by substituting any member in that class.

Claimant especially relies upon Saint Paul Fire and Marine Ins. Co. v. Spann, Okl., 355 P.2d 567. In that case we held the amendment substituting the insurance company as plaintiff related back to the commencement of the action. The present proceeding lacks the necessary attributes that sustain the above decision. Here the claimant did not, by inadvertence or mistake, bring the proceeding in the name of Victoria Brown and claimant has no relation of interest with or to Victoria Brown.

A case more analogous is Haught v. Continental Oil Co., 192 Okl. 345, 136 P.2d 691. In discussing what was then 12 O.S. 1941 § 100, it is stated:

"Section 100, supra, was construed by the Circuit Court of Appeals of the Eighth Circuit in Midland Oil Co. v. Moore, 2 F.2d 34. It was pointed out that in order that one tort action brought within two years should save a second action brought in one year after the date of the first action, from the bar of the two-year statute of limitation, it was required that the plaintiff in the first action be the plaintiff in the second action and that the cause of action in both cases should be the same. It appears that numerous other states have statutes similar in import to Section 100, supra, and it is generally held that where a new action is brought after the failure of a prior suit, the second suit must be based substantially upon the same cause of action and the parties in each suit must be substantially the same. 34 Am.Jur. Limitations of Actions, § 288, p. 232. It is not essential that the plaintiff in both cases should be the same eo nomine, but they must be substantially the same, suing in the same right, as where a second suit is prosecuted by a successor of a trustee or administrator. * * *"

In order to participate in the compensation payable under the death benefit provisions of the Workmen's Compensation Act a person must be an heir at law of deceased employee as defined by the descent and distribution statute of the State of Oklahoma. Victoria Brown was not an heir at law of the deceased and the filing of the claim by her did not toll the statute. Victoria Brown was a stranger and did not stand in any relationship to Everlina Brown which would authorize her (Victoria) to institute a proceeding for the benefit of or as a trustee or agent for Everlina Brown. Everlina Brown never filed a claim during her lifetime. The filing of the claim by her administrator was not within the statutory period.

The award is vacated and the State Industrial Court is directed to enter an order denying the claim.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.

BERRY, J., concurs in result.

HALLEY, J., dissents.