## LEWIS *v.* WILDER.

In an action here on a judgment obtained in another State, the testimony of a witness on
the part of the plaintiff to shew that the person in whose favor the foreign judgment was
rendered was the mere agent of the party in whose name the action on it was commenced
in this State, cannot be excluded on the grounds that such proof could only be made
contradictorily with the person in whose favor the judgment was obtained, and that the
transcript of the foreign proceedings, introduced by the plaintiff, could not be contradicted
by testimonial proof. The testimony does not contradict the record, but shows a matter
not apparent on it and not inconsistent with it; nor is it necessary to make the plaintiff
in the foreign proceedings a party, in order to establish that the person who sues here is
the real owner of the judgment.

In an action in this State on a judgment obtained in another State, the foreign judgment, in
the absence of any evidence impeaching the judgment, must be considered conclusive of
matters properly investigated in the original action, as of the right of the plaintiff to
sue, &c.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
*Stockton* and *Steele*, for the appellant. *Culbertson* and *Ardry*, for the
defendant. The judgment of the court was pronounced by

SLIDELL, J. This is an action upon a judgment rendered in Mississippi,
after personal citation and issue joined, in an action entitled " *Edward W. Jones*,
survivor of *Jones & Ballard*, use of *Edward G. Wood* v. *William R. Wilder*,"
whereby it was adjudged " that the plaintiff, survivor, use as aforesaid, recover
of the said defendant the sum of $304 13 and costs," &c. The plaintiff
alleges that *Wood* was, in that proceeding, the mere agent of him, the plaintiff,
the real owner of the judgment. There was a judgment of non-suit in the
court below, from which the plaintiff appealed, and has argued the cause here
*ex-parte*, no argument having been presented by the appellee. We shall direct
our attention to the bill of exceptions taken by the defendant, and to the evidence
offered at the trial.

The testimony of a witness for the plaintiff was taken by commission, and
comes up in the transcript. By this testimony it is shown that, a judgment
obtained in Mississippi by A. for the use of B., is, by the law of that State,
the property of B. It was farther shown that the witness was the Attorney

for the plaintiff, in the action in Mississippi; that *Wood* was, in that action, the    LEWIS
mere agent for *Lewis*; and that the name of *Wood* was used in the prosecu-    *v.*
tion of the suit merely to save the necessity of giving security for costs, *Wood*    WILDER.
being a resident of that State, and *Lewis* of Kentucky. To the admission of
this testimony the defendant objected, "because such proof could only be made
contradictorily with *Wood*, or his heirs, and also because the proof made by the
record which plaintiff had introduced, could not be contradicted by the testi-
mony." The court sustained these objections, and the plaintiff took his bill
of exceptions.

We think the court erred. Such testimony does not contradict the record;
but shows a matter not apparent on the record, nor inconsistent with it. The
apparent interest may be in one man, the equitable interest in another. If the
defendant had an equitable defence against *Wood*, it would be a reason for so
far disregarding the real interest of *Lewis*, as to let in such equitable defence
against him; but it is not pretended that any such equity existed.

As to the other ground presented by the bill, to wit, that such proof could
only be made contradictorily with *Wood*, it is also untenable. The question is
one of fact. Is *Lewis* the real owner of the judgment, or is he not? If he is, he
is entitled to recover in this action, and without making *Wood* a party. We may
also observe that the plaintiff alleged that *Wood* was merely his agent in obtain-
ing the judgment, and the defendant, without excepting, joined issue specially
upon that allegation.

As to the right of *Jones*, as survivor of *Jones* and *Ballard*, to sue for the use
of *Wood*, and transfer the claim to him, that was a matter proper to be investi-
gated in the original action, and the judgment of the court of Mississippi must
be taken as concluding that point, in the absence of any evidence impeaching
the judgment.

As to the matters pleaded in compensation, there is a conflict in the testimony
of the defendant's own witnesses; and the defence on that score fails.

We cannot allow interest at eight per cent according to the alleged law of
Mississippi, it not being proved.

It is therefore decreed that the judgment of the district court be reversed,
and that the plaintiff recover of the defendant the sum of $338 63, with
interest from judicial demand, to wit, 4th January 1847, and costs in both courts.