## M. A. LEWIS *vs.* JAMES R. AUSTIN.

Suffolk.   Jan. 18. — May 6, 1887.   HOLMES & GARDNER, JJ., absent.

A judgment was obtained in another State in favor of A. for the benefit of B., A. having no beneficial interest in it. A. died soon after, and his widow, C.. was appointed his executrix, and assigned the judgment to B. B. afterwards brought an action in the Superior Court on the judgment in the name of A. *Held*, that the Superior Court had authority to allow an amendment of the writ, substituting the name of C. as executrix for that of A., and stating that the action was brought for the benefit of B.

W. ALLEN, J.   A judgment was obtained in New York in favor of Marshall A. Lewis, for the benefit of one Spofford,

Lewis having no beneficial interest in it. Lewis died soon after, and· his widow, Mary A. Lewis, was appointed his executrix, and assigned the judgment to Spofford. Spofford afterwards commenced an action in the Superior Court on the judgment, in the name of M. A. Lewis, intending Marshall A. Lewis. The only question of law is whether it was in the power of the Superior Court to allow an amendment of the writ, substituting the name of Mary A. Lewis as executrix, for that of M. A. Lewis, and stating that the action is brought for the benefit of Spofford.

We think that the court had authority to allow the amendment. Spofford was the real plaintiff, and, if he had brought the action in his own name, the case would have come within the decisions in *Costelo* v. *Crowell*, 134 Mass. 280, *Winch* v. *Hosmer*, 122 Mass. 438, and *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151. It would have been allowed even in England. *Blake* v. *Done*, 7 H. & N. 465. *La Banca Nazionale* v. *Hamburger*, 2 H. & C. 330. So, if the legal right of action had been in him, and he had brought the action in another name, whether there were a known person of that name or not, he would have been allowed to substitute his own name as plaintiff. *Crafts* v. *Sikes*, 4 Gray, 194. *Cain* v. *Rockwell*, 132 Mass. 193. As the legal owner of a demand who brings a suit upon it in another's name, or in the name of another person, can be allowed to substitute his own name, and as the beneficial owner who brings a suit in his own name can be allowed to substitute the name of the legal owner, it would seem to follow that, when the beneficial owner brings a suit in a name not of the legal owner, whether that of an existing person or not, the court has authority to allow him to substitute for it the name of the legal owner. It is no objection that there is no person in being of the name in which the suit is brought; in *Crafts* v. *Sikes*, *ubi supra*, it was regarded as an argument against the power to allow the amendment, that there was a person of the name of the plaintiff'named in the writ living in the town in which the plaintiff was alleged to reside. The death of Marshall A. Lewis could have no greater effect than to put in another the legal right of action which had been in him, and to show that there was no person of that name in being; the latter is immaterial, except as involving the former. The only ·difference between the action in the name of

Lewis after his decease and the action in the name of a stranger is, that in the latter case the record would show the error which would have to be covered in the former.

Spofford was the real plaintiff, and brought the action for his own benefit. That this is not set out in the writ is immaterial. He seeks to amend by substituting the name of the proper nominal plaintiff for the name improperly inserted in the writ. If the name to be struck out had been that of Spofford himself, or a name not connected with the cause of action, whether of a person in being or not, the cases cited above are in point to the authority of the court to allow the amendment. The case at bar, when the name is that of a person not in being, but in whom when in life the cause of action was vested, cannot be distinguished in principle from those supposed.

The case comes within the meaning, if not within the letter, of the statute, which authorizes amendments in any matter " which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." Pub. Sts. c. 167, § 42.                    *Exceptions overruled.*

*W. O. Kyle*, for the defendant.
*H. J. Edwards*, for the plaintiff.