## KARRICK v. WETMORE.*

PRACTICE;  NOMINAL PLAINTIFFS;  AMENDMENTS.

1. A suit begun in the name of a deceased plaintiff is a nullity, and under
   District of Columbia Code, § 399, allowing amendments in "pending"
   cases, a declaration in such a suit cannot be amended by substituting
   as plaintiff the administrator, even though that section of the Code
   should be liberally interpreted.
2. While in an action by an assignor to the use of his assignee, the use
   plaintiff is the real plaintiff in that his rights may not be prejudiced
   by the nominal plaintiff, the latter is nevertheless the substantial plain-
   tiff in respect to the institution and prosecution of the action, so that
   if the action be brought in the name of the assignor after his death to
   the use of the assignee, it is a nullity and the declaration cannot be
   amended by substituting the name of the assignor's administrator as
   the nominal plaintiff.

No. 1335.  Submitted October 9, 1903.  Decided November 4, 1903.

HEARING on an appeal (specially allowed) by the defendant
from an order of the Supreme Court of the District of Columbia
granting a motion to amend a declaration by striking out the
name of the nominal plaintiff and substituting that of the ad-
ministrator of his estate.                    *Reversed.*

*As to status and rights of nominal and use plaintiffs, see *Parsons* v. *In-
surance Co.* 20 App. D. C. 263, and *District of Columbia* v. *Ball, post,*
543.

The Court in the opinion stated the case as follows:

This action was begun in the supreme court of the District by declaration, filed June 14, 1902, in the name of Charles H. Wetmore, for the use of John F. McKay, against James L. Karrick, upon a judgment for the sum of $12,881.46, and $40.46 costs of suit, recovered by said Charles H. Wetmore of the said Karrick in the superior court of Suffolk county, Massachusetts, on November 20, 1900.

December 6, 1902, the defendant filed a special plea alleging the death of Charles H. Wetmore on April 27, 1902. On January 14, 1903, the plaintiff filed a motion in the name of Berton O. Wetmore, as administrator of the estate of Charles H. Wetmore, deceased, suggesting the death of the latter on April 27, 1902, and praying leave to amend the declaration by striking therefrom the name of Charles H. Wetmore and substituting that of the administrator as plaintiff for the use of said John F. McKay. This motion was accompanied by an affidavit of McKay, the use plaintiff, to the effect that at the time of the institution of the suit he was not aware of the decease of said Charles H. Wetmore. Before the hearing of the motion the defendant filed an affidavit of said Berton O. Wetmore, administrator, that he had not authorized the use of his name as plaintiff in the suit. On March 20, 1903, the motion to amend was granted and an amended declaration conforming thereto was filed. This was accompanied by an affidavit of John F. McKay, for judgment under the 73d rule, in which it is stated that he was the assignee of the original cause of action before suit was instituted thereon in Massachusetts; that the said suit was for his benefit, and that he is the beneficial owner of said judgment. On the application of defendant, Karrick, a special appeal from the order granting leave to amend was allowed by this court on April 6, 1903.

*Mr. J. J. Darlington, Mr. W. W. Millan,* and *Mr. R. E. L. Smith* for the appellant.

*Mr. Wm. L. Ford,* for the appellee:

1. It is hard to imagine how it would have been possible to

frame a broader or more general law relating to amendments than § 399, Code, D. C. The court is not hampered by any particular provisions as to what amendments may be allowed, the effect of which is usually to cut down the operation of the general provision, so the whole matter was wisely left to the discretion of the court. As to the policy of allowing amendments, there can be no doubt that it is most liberal, and not at all what it was a number of years ago. See 1 Ency. of Pl. and Pr., 516, 517, 537, and notes.

2. In *Wood* v. *Circuit Judge,* 84 Mich. 521, it was held that the substitution of the heirs of one Frank Silver in the place of the administrator of one Josie Silver was an amendment and properly allowable as such. So in *Morford* v. *Dieffenbacker,* 54 Mich. 593, it was held that it was an amendment, and a proper one, in a suit by a guardian, and after plea, to strike out the name of the guardian as plaintiff and substitute the ward (decision by Cooley, C. J.). To the same effect are the decisions in the following cases, which are selected from a large number of similar ones. *Farrier* v. *Schrœder,* 40 N. J. L. 601; *Walthour* v. *Spangler,* 31 Pa. St. 523; *Estes* v. *Thompson,* 90 Ga. 698; *Teutonia Life Ins. Co.* v. *Mueller,* 77 Ill. 22. All of these cases are similar in principle to the one under consideration, in that there was the substitution of an entirely new and different plaintiff in the place of the original plaintiff.

3. The following cases are not only similar in principle, but identical, to this case, in that the suits as originally instituted were in the names of plaintiffs who were dead when they were filed, and amendments were allowed substituting their administrators as plaintiffs suing to the use of others: *Denton* v. *Stephens,* 32 Miss. 194, and *Lewis* v. *Austin,* 144 Mass. 383.

4. All of the cases against the proposition here contended for deal with the substitution of real parties in interest, and not with parties suing to the use of others, which fact is strikingly significant. It is almost elementary that a real plaintiff cannot be changed by amendment. This would be to make a new case with different rights to be litigated between the parties, but the plaintiff may be changed by amendment if the real parties in in-

terest and the essential elements of the controversy remain the same.

5. The pendency of the plea in abatement, to wit, that the plaintiff died before suit was brought, is rather a reason for, than an objection to, the allowance of the amendment. *Foster* v. *Napier,* 73 Ala. 595; *Heslep et al.* v. *Peters,* 4 Ill. 45; *Tyler* v. *Mut. Dist. Mess. Co.* 13 App. D. C. 267; *Hetten* v. *Lane,* 43 Tex. 279; *Blood* v. *Harrington,* 8 Pick. 552.

6. The appellant also contends that the amendment ought not to be allowed because the administrator, the substituted nominal plaintiff, asserts on the record that he has not authorized the use of his name in the institution of the suit. That the real party in interest in this case has the right to use the name of the administrator without his consent, and even against his protest, does not admit of doubt. *Grover, adm'r,* v. *Grover,* 24 Pick. 261; *Bates, Adm'r,* v. *Kempton,* 7 Gray, 382; *Fay* v. *Guynon,* 131 Mass. 31; *Walker* v. *Brooks,* 125 Mass. 247; *Hargraves* v. *Lewis,* 6 Ga. 207; *Rockwood* v. *Brown,* 1 Gray, 261; *Sumner* v. *Sleeth,* 87 Ill. 500; Vol. 15 Ency. of Pl. and Pr. 493, 494, and 495. In this case there has been no protest by the administrator, but merely a statement that the appellee's attorney was not authorized to use his name, which authorization is not necessary, as shown above. Nor has there been a demand for a bond of indemnity. The appellee stands ready to furnish such a bond if demanded. It would certainly be unconscionable to allow this administrator, who is a mere trustee, and has no beneficial interest in this suit, whether at the instigation of the defendant or otherwise, to defeat, or even to hamper, harass, or annoy the beneficial owner in enforcing his claim. It is believed the court will not sanction any such effort. Moreover, had it been the intention of the defendant to ascertain or question the right of the use plaintiff to institute this suit in the name of Charles H. Wetmore, or that of his administrator for his benefit, the proper way to do so was to have a rule issued against him to show his authority. *Lynn, use of Dowland* v. *Glidwell et al.* 8 Yerg. 1; *Cage* v. *Foster,* 5 Yerg. 261; *Harris* v. *Jaffray, use, etc.* 3 Har. & J. 543.

7. The appellant also contends that McKay, the use plaintiff, has no such interest in the judgment as will authorize him to

bring suit thereon to his own use.   There was no occasion or necessity for McKay to have it appear upon the record of the Massachusetts court that the suit was brought for his benefit or to have the judgment therein entered to his use.   He had the right to bring the suit as he did in the name of the assignor alone. This does not prejudice the defendant, nor can he be heard to complain.   He also has the right to prove in this present suit, if the question is raised in the proper way, that he is the beneficial owner of the judgment.   *State* v. *Dorsey,* 3 Gill & J. 75, 92, 93; *Fridge* v. *State,* 3 Gill & J. 104, 117; *Logan* v. *State,* 39 Md. 177; *Peterson* v. *Lothrop,* 34 Pa. St. 223, 226; *American Express Co.* v. *Haggard,* 37 Ill. 465; *Northrop* v. *McGee,* 20 Ill. App. 108; *Lewis* v. *Wilder,* 4 La. Ann. 574; *Clarkson* v. *Doddridge,* 14 Gratt. 42, 46; *Clark* v. *Hogeman,* 13 W. Va. 718; *Rockwood* v. *Brown,* 1 Gray, 261; *Hobson* v. *McCambridge,* 130 Ill. 367.   And as a corollary of the above, the assignment of the *claim* on which a judgment is obtained in the name of the assignor gives the assignee the right to control and collect the judgment, and this even when the transfer or assignment is by parol. *Briggs* v. *Dorr,* 19 John. 95; *Riley* v. *Taber,* 9 Gray, 372.

8. The appellant also contends that, as the use plaintiff has no assignment of the judgment, and the administrator refuses his authority to sue thereon, if he is compelled to litigate the matter with McKay, and should do so successfully, he will still be exposed to a second suit upon the same cause of action by the administrator.   This seems remarkable.   Why the judgment in favor of the appellant would not be conclusive on the legal plaintiff as well as on the use plaintiff does not appear.   Such a judgment could be pleaded in the second suit or any other suit brought by the administrator for the same cause of action.   This is the familiar doctrine of *res adjudicata.*   If, on the other hand, appellant's contention is correct, it would amount to this, in view of the authorities set out herein:   That McKay had the right to bring the suit in Massachusetts, as he did; that he owns the judgment; that he can collect and control it; that he has a right to use the administrator's name without his consent to enforce his property right, but, nevertheless, he cannot sue on the judgment, —a manifest contradiction.

The appellant also says that should he be defeated and satisfy the judgment against him, such satisfaction would be no protection to him against a second suit brought by the administrator. Not only is this not so, as the foregoing sufficiently shows, but even if the money in satisfaction of the judgment were paid to the administrator, it would not be a satisfaction of the debt. (See *Triplett* v. *Scott,* 12 Ill. 137.)   This is merely the expression of the established doctrine that the court will protect the interest of an assignee of a chose in action against the assignor.   It is also believed that the authorities cited above under §§ 4 and 5 of this brief effectively dispose of these contentions, and it will be unnecessary to repeat them here.   Wetmore, and after his death his administrator, held the legal title to the judgment as trustee for McKay, who had the right to sue on the same as was done in this case.

9. The appellee contends that the allowance or refusal of leave to amend a pleading is within the discretion of the court to which the application is made, and is not reviewable in an appellate court.   In the case of *Germ. Evang. Society* v. *Prospect Hill Cem.* 2 App. D. C. 310, Mr. Justice Morris, who delivered the opinion of the court, said, among other things:   "For it is well-settled law, sufficiently well settled to be almost elementary, that the allowance or refusal of amendment is a matter in the discretion of the court below, and is not reviewable in an appellate tribunal."   See also *Casey* v. *The National Union,* 3 App. D. C. 510; *Morris* v. *Wheat,* 11 App. D. C. 201; *Meyers* v. *Davis,* 13 App. D. C. 361; *Tyler* v. *Mut. District Mess. Co.* 13 App. D. C. 267; *Chapman* v. *Barney,* 129 U. S. 677.

Mr. Justice Shepard delivered the opinion of the Court:

We are constrained to hold that the leave to amend by substituting the administrator in the stead of the nominal plaintiff, who had died before the institution of the suit, was beyond the power of the court.

The provision of the Code permits a wide latitude of amendment and, in view of its beneficent purpose, we are disposed to

give it the most liberal interpretaion; but it is limited by its terms to an existing case—one that "shall be pending" at the time, D. C. Code, § 399. Here there was no pending case; no foundation for amendment. A proceeding begun in the name of a deceased plaintiff is a nullity. *Harter* v. *Twohig,* 158 U. S. 448, 454, 39 L. ed. 1049, 1052, 15 Sup. Ct. Rep. 883; *Clay* v. *Oxford,* L. R. 2 Exch. 54; *Humphreys* v. *Irvine,* 6 Smedes & M. 205.

Conceding the soundness of this proposition in a case where the action is not only in the name, but also for the use, of a deceased plaintiff, the appellee contends that the rule is not applicable where the deceased was only a formal, nominal plaintiff whose name is being used for the benefit of the true owner of the cause of action, who must be regarded as the real plaintiff throughout.

We are not able to agree with this contention. It is quite true that in an action at law in the name of the assignor of a chose in action for the use of an assignee, the use or beneficial plaintiff is so far regarded as the real plaintiff that his rights may not be prejudiced by the act of the nominal plaintiff. *Welch* v. *Mandeville,* 1 Wheat. 233, 236, 4 L. ed. 79, 80. In that early case it was said by Mr. Justice Story: "Courts of law, following in this respect the rules of equity, now take notice of assignments of *choses in action,* and exert themselves to afford them every support and protection not inconsistent with the established principles and modes of proceeding which govern tribunals acting according to the course of the common law." So complete and adequate is this protection at law that courts of equity will no longer entertain jurisdiction of a suit by the assignee of a chose in action, unless that in some special circumstances showing the inadequacy of the remedy at law in the particular case. *Hayward* v. *Andrews,* 106 U. S. 672, 677, 27 L. ed. 271, 272, 1 Sup. Ct. Rep. 544.

In the extension of the remedy at law it has been very generally held that as an incident of the assignment the assignor confers upon the assignee the right to take action in his name or that of his personal representatives, which right may be exercised

without their consent, and even against their protest. *Grover* v. *Grover,* 24 Pick. 261, 266, 35 Am. Dec. 319; *Rockwood* v. *Brown,* 1 Gray, 261, 262; *Fay* v. *Guynon,* 131 Mass. 31, 34; *Sumner* v. *Sleeth,* 87 Ill. 500, 503; 15 Enc. Pl. & Pr. 495, 496,

And it would seem that whether the assignment shall have been made or the beneficial ownership acquired before or after the reduction to judgment is a matter of no consequence in a subsequent suit upon the judgment for the use of such assignee or owner. *Lewis* v. *Wilder,* 4 La. Ann. 574. The judgment is but a change in the form of the evidence of the debt.

In this jurisdiction the action can be maintained only in the name of the assignor (except as provided in § § 431-434 of the recent Code, none of which applies in the case at bar), because he is the legal owner or trustee. The assignment, or change of ownership, is only recognized at law for convenience, and to the limited extent that the trust on behalf of the use plaintiff will be protected as above stated. *Glenn* v. *Marbury,* 145 U. S. 499, 508, 36 L. ed. 790, 794, 12 Sup. Ct. Rep. 914; *Irvine* v. *Lowry,* 14 Pet. 293, 300, 10 L. ed. 462, 465. The nominal plaintiff, as said in the case last cited, "is the real plaintiff in a court of law, in which legal rights alone can be recognized." Hence, it was held in that case that the jurisdiction of the court, dependent upon the adverse citizenship of the opposing parties, must be determined not by the citizenship of the assignee or beneficial owner, but by that of the nominal plaintiff suing for his use.

To avoid any misunderstanding, it is proper to say that the case at bar is not governed by the Code above referred to, because, first, it is not apparent that the assignment is of the nature provided for therein, and second, it does not take away the remedy under the existing practice. The assignee, electing to pursue the latter, must do so in accordance with the settled rules governing therein. The doctrine that, in the contemplation of a court of law, the nominal plaintiff is nevertheless the substantial plaintiff in respect of the institution and prosecution of the action seems strictly technical, and for that reason has been modified by statute in some States; yet it is the logical result of entertaining jurisdiction at law in such cases at all. Consequently

it is maintained in the few decisions directly in point, to which our attention has been called, in jurisdictions where there has been no remedial legislation. *Clay* v. *Oxford,* L. R. 2 Exch. 54; *Jenks* v. *Edwards,* 6 Ala. 143; *Humphreys* v. *Irvine,* 6 Smedes & M. 205, 207.

Other decisions, though they do not determine the precise question presented in the case at bar, rest upon the same principle. *State use of Justices* v. *Dorsey,* 3 Gill & J. 75, 93; *Fridge* v. *State,* 3 Gill & J. 103, 116, 20 Am. Dec. 463; *Logan* v. *State,* 39 Md. 177, 188; *Dashiell* v. *Baltimore,* 45 Md. 615, 620; *Le Strange* v. *State,* 58 Md. 26, 45; *McCormick* v. *Fulton,* 19 Ill. 570; *Tedrick* v. *Wells,* 152 Ill. 214, 217, 218, 38 N. E. 625. In the case last cited, judgment having gone against the plaintiff in an action for the use of another, the appeal bond was given in the name of the use plaintiff. The appeal was dismissed because the bond was not by the nominal plaintiff. The court, at the same time, refused to permit the proceedings to be amended by substituting the bond of the nominal plaintiff, saying: "You can no more amend a thing that has no existence, not even potential, than you can amend a void thing."

Two decisions relied upon by the appellee in which amendment, under like conditions, was permitted, remain to be considered, *Denton* v. *Stephens,* 32 Miss. 194; *Lewis* v. *Austin,* 144 Mass. 383, 385, 11 N. E. 538. In the first of these the court, without reference to the earlier case (*Humphreys* v. *Irvine,* 6 Smedes & M. 205, 207) held that the amendment was permissible under the broad terms of a recent statute, which provided that the "court may at any time amend pleadings by striking out or adding the name of any party," and that "suit may be instituted against a party by a fictitious name, and when his true name is ascertained it may be inserted." In *Lewis* v. *Austin* the court held not only that the amendment was within the spirit if not the letter of the statute, but also that it was permissible on the ground that a suit instituted in the name of a deceased person was not a void proceeding.

This necessary foundation for the conclusion reached does not exist in the case at bar, for, as we have seen, such a proceeding is a nullity in this jurisdiction.

For the reasons given, the order appealed from will be reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.          *Reversed.*