Ethlyn LOFFLER, Independent Executrix, without Bond, of the Estate of Marilyn J. Dandrea, Deceased, Appellant,

v.

UNIVERSITY OF TEXAS SYSTEM, Appellee.

No. 17738.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 13, 1980.

William G. Ogletree, Fort Worth, for appellant.

Mark White, David L. Talbot, Jr., Austin, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

COLEMAN, Chief Justice.

This is an appeal from the denial of a bill of review. The bill of review was brought to vacate a judgment dismissing for want of prosecution a worker's compensation case.

The record in this case shows that Ms. Dandrea died on May 7, 1976, which was prior to the dismissal for want of prosecution of the worker's compensation case, and prior to the filing of the bill of review in December of 1978.

At the time of Ms. Dandrea's death her attorney of record was Mr. Adolph Uzick. However, the record reflects that some time prior to her death Mr. Uzick referred Ms. Dandrea's file to the firm of Waldman and Smallwood. No notice of this transfer was given to the court and no substitution of counsel was filed for the record.

The initial paragraph of the bill of review reads:

Comes Now Marilyn J. Dandrea, hereinafter referred to as Plaintiff, Cross-Plaintiff in the former cause of action, and files this Bill of Review through her attorney of record, complaining of the Court's judgment of dismissal for want of prosecution entered in the former cause on April 3rd, 1978, and for cause therefore (sic), would respectfully show the court as follows:

Paragraph 5 of the bill of review reads: Plaintiff in this cause, Cross-Plaintiff in the former action, had and still has a meritorious cross-action stated by the Plaintiff in that former cause in that, subsequent to the Award of the Industrial Accident Board, Plaintiff died, and such death can be directly attributed to the original compensable injury.

The bill of review was filed by the firm of Waldman and Smallwood. At the time of Ms. Dandrea's death her attorney of record was Mr. Adolph Uzick. He testified that he had referred the case to Waldman and Smallwood. The bill of review recites

that Marilyn J. Dandrea filed the bill of review through her attorney of record. The petition reflects that the purported plaintiff Marilyn J. Dandrea died prior to the date of the filing of the bill of review.

The attorney-client relationship between Adolph Uzick, Waldman and Smallwood, and Ms. Dandrea terminated upon her death. *Brooks v. Hale*, 457 S.W.2d 159 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.). These attorneys were not authorized to bring suit on behalf of Ms. Dandrea, her estate, heirs at law, or personal representatives merely because of the preceding attorney-client relationship.

When this case was called for trial after some preliminary conversation with the attorneys the court asked: "Well, who is standing in the deceased's place in this lawsuit? We had better at least get that in the record. And you can file an amended pleading. And I'll give you permission to mail that in later." At that point Mr. Richard A. Mintz of the firm of Waldman and Smallwood stated to the court that "her name is" Mrs. Ethlyn Loffler. He stated that he had a copy of the letters of testamentary appointing her independent executrix of the estate. The court then stated that he was re-aligning the parties and that the case would proceed under the style Ethlyn Loffler, Independent Executrix, without bond, of the estate of Marilyn J. Dandrea, Deceased, versus the University of Texas System.

Mr. Mintz did not expressly represent to the court that he was authorized by Ethlyn Loffler to prosecute the case, but he proceeded without objection to try the case. Mr. David Talbot, representing the University of Texas System, offered no objection to the court's substitution of Ethlyn Loffler as plaintiff in the case. Subsequently Mr. Mintz offered into evidence a death certificate for Marilyn Joyce Dandrea and a copy of letters testamentary of the estate of Marilyn Dandrea certifying that Ethlyn Loffler qualified as independent executrix without bond of said estate on the 10th day of August 1976, a date prior to the filing of this bill of review. No amended pleadings were filed naming Ethlyn Loffler as plaintiff. The University of Texas System filed

no written answer to the petition for the bill of review.

The judgment recites that the parties "in this hearing, Marilyn J. Dandrea (deceased) and Ethlyn Loffler, who was substituted as a party by this court on the date of this hearing, who are plaintiffs herein, ... [appeared] by and through their attorneys and announced ready for trial." An appeal bond was filed which lists Marilyn J. Dandrea and Ethlyn Loffler as principal. It was signed for them by William G. Ogletree, attorney.

In the appellant's brief it was asserted that the appellant should be Marilyn J. Dandrea, deceased, by her attorneys, instead of Ethlyn Loffler, independent executrix. Appellant states that "attorneys Uzick, Waldman, Smallwood, Mintz and Ogletree only represent Marilyn J. Dandrea." The further statement is made that "these attorneys have never represented Ethlyn Loffler, independent executrix, of the estate of Marilyn J. Dandrea, deceased," and that "Ethlyn Loffler made no appearance in this matter, at any time, either in person or by an attorney."

There are cases holding that where an action is brought in the name of a plaintiff who is dead or nonexistent, the complaint may not be amended by substituting a plaintiff having capacity to sue. *St. Mark's M. E. Church v. Georgia Power Co.*, 19 Ga.App. 633, 91 S.E. 1047 (1917); *Brooks v. Boston & N. Street R. Co.*, 211 Mass. 277, 97 N.E. 760 (1912); *Lewis v. Austin*, 144 Mass. 383, 11 N.E. 538 (1887); *Mexican Mill v. Yellow Jacket Silver Min. Co.*, 4 Nev. 40, 97 Am.Dec. 510 (1868); see, Anno. Amendment Substituting Plaintiff, 135 A.L.R. 325 (1941).

While there are cases which hold that a substitution may be made where the action has begun in the name of a nonexistent plaintiff, none of them hold that an action may be maintained by a nonexistent plaintiff. Anno. Amendment Substituting Plaintiff, supra. The trial court recognized this principle by insisting on making the executrix a party. It is a fundamental rule that jurisdiction over indispensible parties to a cause of action is essential to the

court's right, power or authority to proceed to judgment. *Pampell v. Pampell*, 554 S.W.2d 20 (Tex.Civ.App.—Austin 1977, no writ).

There is nothing in the record to support a finding that the attorney for the plaintiff was authorized to represent the independent executrix in the trial court. No pleading was filed on her behalf in the trial court. The attorneys who purported to represent her during the trial of the case have now admitted that they were not so authorized. The trial court suggested that the executrix be made a party plaintiff and failed to inquire of the attorney purporting to represent the plaintiff as to whether he was authorized to represent the executrix. Because of the unusual state of facts we will not presume that the attorneys had authority to appear for the independent executrix in this matter.

Since the record reflected that the purported plaintiff had died prior to the filing of the cause of action, and no motion was before the court to substitute another person or entity as plaintiff, the trial court erred in failing to dismiss the cause of action.

The case is reversed and the cause ordered dismissed.