**Frances Marie MURPHY, Dottie Murphy, and Lonny D. Morrison, Appellants,**

v.

**W. Vincent MURPHY, Sr., Appellee.**

No. 01–99–00694–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 29, 2000.

Richard W. Avery, Houston, William T. Armstrong, III, Emerson Banack, San Antonio, William J. Boyce, Tom A. Cunningham, John W. Porter, Houston, Roy T. Sparkman, Wichita Falls, Joyce W. Moore, Houston, David E. Keltner, Fort Worth, Scott Rothenberg, Bellaire, for Appellant.

Sharon B. Gardner, Darlene Payne Smith, Houston, for Appellee.

Panel consists of Justices MIRABAL, ANDELL, and DUGGAN.*

**O R D E R**

PER CURIAM.

Appellants and appellee have filed a joint motion for disposition of appeal pursuant to Texas Rule of Appellate Procedure 42.1(a) ("the joint motion"). The joint motion also advises the Court that appellant Frances Marie Murphy died on November 24, 1999. Her death occurred after the trial court signed the orders appealed from and after the filing of her notice of appeal, but before the disposition of the appeal. The parties maintain that Mrs. Murphy's death does not affect the appeal, and the motion is signed on Mrs. Murphy's behalf by the attorneys who have represented her all along in this appeal. This Court has not been notified if there is an executor or administrator representing the estate of Mrs. Murphy.

■ Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure provides:

If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent's party's name may be used on all papers.

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

We have compared current rule 7 to former appellate rules 9[1] and 369a.[2] We find no substantive change in the language of the rule; therefore, we conclude that the case law under rules 9 and 369a is also applicable to current rule 7. *See Texas Employers' Ins. Ass'n v. Lightfoot,* 139 Tex. 304, 162 S.W.2d 929, 931 (1942) (repromulgation in same language of former rule carries with it interpretation placed by court on former rule, assuming no other rule has been promulgated that would change or modify meaning of former rule).

The purpose of rule 369a was to simplify and expedite the disposition of cases on appeal, not to affect the substantive rights of the litigants. *See Smith v. Henger,* 148 Tex. 456, 226 S.W.2d 425, 428 (1950). Neither rule 7, nor its predecessors, permit an appellate court to proceed with an appeal without questioning whether those purporting to represent the deceased party have the authority to do so.

 For example, it is well established that an attorney-client relationship terminates upon the death of the client. *Loffler v. University of Texas System,* 610 S.W.2d 188, 189 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ); *Brooks v. Hale,* 457 S.W.2d 159, 164 (Tex.Civ.App.-Tyler 1970, writ ref'd n.r.e.). It is equally well-established that a party's death may moot certain of the issues between the parties, unless property rights are affected. *See Olson v. Commission for Lawyer Discipline,* 901 S.W.2d 520, 523–24 (Tex.App.El Paso 1995, no writ).

Accordingly, this Court seeks assurance that the representative of the estate of Mrs. Murphy has approved the joint motion and is represented by the attorneys for Mrs. Murphy. Within 15 days of the date of this order, we request the attorneys for Mrs. Murphy to provide this Court with documentation showing the authority of the representative of Mrs. Murphy's estate, his or her designation of them

to act as attorneys on behalf of the estate in this matter, and his or her adoption and ratification of the joint motion.

It is so **ORDERED.**

---

1. TEX.R.APP. P. 9 (Vernon Pamp.1997, repealed 1997).

2. TEX.R.APP. P. 369a (Vernon 1985, repealed 1986).