Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



BIG BEND COMMUNICATIONS,
INC. D/B/A GRANITE
PUBLICATIONS D/B/A FORT
STOCKTON PIONEER AND JIM
CHIONSINI, CEO,


 Appellants,


v.


HOLLY MEILLER,


 Appellee.

§


§


§


§


§

No. 08-03-00201-CV


Appeal from the


County Court


of Pecos County, Texas


(TC#2759)


MEMORANDUM OPINION


 Pending before the Court are an amended motion to withdraw as counsel for
appellee and a motion by appellants to retain this appeal on the docket of this Court.

Motion to Withdraw

 In his amended motion to withdraw as counsel for appellee, Martin O. Adams
states that appellee only requested him to represent her during the hearing on appellants'
motion for new trial, he provided that representation pro bono, and he has completed his
representation of appellee. Mr. Adams also states that appellee is now deceased and that
he provided appellee's husband with a copy of the amended motion to withdraw as
counsel.

 The attorney-client relationship terminates upon the death of the client. Murphy v.
Murphy, 21 S.W.3d 797, 798 (Tex. App.--Houston [1st Dist.] 2000, no pet.). When a
party dies after the trial court renders judgment but before the case has been finally
disposed of on appeal, we may proceed to adjudicate the appeal as if all parties were
alive. Tex. R. App. P. 7.1(a)(1). But see Olson v. Commission for Lawyer Discipline, 901
S.W.2d 520, 523-24 (Tex. App.--El Paso 1995, no writ) (recognizing that an appeal may
be rendered moot by the death of a party). Because of appellee's death, however, it is
unclear who should receive notices regarding this appeal.

 Accordingly, we will order Mr. Adams to notify this Court of the name and
address of the personal representative of appellee's estate. Upon receipt of this
notification, we will grant Mr. Adams's amended motion to withdraw as counsel.

Motion to Retain Appeal

 According to the documents on file with this Court, the judgment was signed on
December 30, 2002. Therefore, to preserve their right to appeal, appellants were required
to file either a motion for new trial or a notice of appeal by January 29, 2003. See Tex. R.
Civ. P. 329b(a); Tex. R. App. P. 26.1(a). Appellants filed a motion for new trial on
January 30, 2003, and a notice of appeal on May 2, 2003. Because it thus appeared that
the appeal was untimely, we notified the parties on May 2, 2003 of our intent to dismiss
the appeal for want of jurisdiction unless any party could show grounds for continuing the
appeal within ten days of the date of the notice. Tex. R. App. P. 25.1(a)-(b), 42.3(a).

 Appellants have responded with a motion to retain the appeal. In their motion,
appellants claim that they did not receive notice that the judgment was signed until
January 30, 2003. Accordingly, they argue that the time for filing the motion for new trial
and the notice of appeal did not begin running until that date. See Tex. R. Civ. P.
306a(1), (4); Tex. R. App. P. 4.2. It appears that the trial court may have conducted a
hearing to determine when appellants received notice of the judgment. In the motion to
retain the appeal, appellants challenge some of the court's findings on this issue and refer
to an "Order Denying Motion for New Trial Nunc Pro Tunc attached hereto as Exhibit
'B'." But no "Exhibit B" is actually attached to the motion.

 Given the nature of the claims made in the motion to retain the appeal, we cannot
resolve whether we have jurisdiction over this appeal without the clerk's record and a
reporter's record from the 306a hearing. We will therefore hold the motion to retain the
appeal in abeyance and order appellants to make arrangements with the county clerk and
the court reporter to have clerk's and reporter's records filed in this Court. See Tex. R.
App. P. 35.3(a), (b). The records will be due within thirty days after the arrangements
have been made. Appellants must designate as part of the clerk's record all documents
and orders filed in the trial court that relate to their claim that they did not receive timely
notice of the judgment. If the personal representative of appellee's estate wishes to
respond to the motion to retain the appeal, he or she must do so within ten days of the
filing of the clerk's and reporter's records. (1)


 SUSAN LARSEN, Justice

July 3, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.

1. Assuming that the time for filing the notice of appeal should not have started running
until January 30, 2003, the notice of appeal was due on April 30, 2003. See Tex. R. App. P.
26.1(a). Appellants did not file their notice of appeal until May 2, 2003. The time for filing the
notice of appeal is extended if the appellant files both the notice of appeal and a motion for
extension of time within fifteen days after the deadline for filing the notice of appeal. Tex. R.
App. P. 26.3. A motion for extension of time is necessarily implied when an appellant, acting in
good faith, files a notice of appeal within the fifteen-day grace period. See Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997). If the time for filing the notice of appeal started running on
January 30, 2003, appellants' notice of appeal was filed within the grace period.