NO. 07-05-0399-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 24, 2006



______________________________




IN THE MATTER OF THE MARRIAGE OF



MARA CAIN AND JERRY CAIN






_________________________________



FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY;



NO. 324-375734-04; HONORABLE BRIAN A. CARPER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER


 Presenting two issues, Jerry Cain appeals from a default judgment granting a decree
of divorce dissolving his marriage to Mara Cain and dividing the property of the parties. 
Jerry contends (1) there was no or legally insufficient evidence to support the findings of
the trial court, and (2) the court erred in rendering judgment nunc pro tunc and denying his
second motion for new trial. 

 Mara and Jerry were married in 1992. On October 29, 2004, Mara filed for divorce
and on May 27, 2005, the court proceeded with a default hearing at which Mara was the
only witness. At the conclusion of her testimony, the trial court announced that he would
grant the divorce and signed a decree granting the divorce and awarding the community
property among the parties. As material here, the decree awarded Mara the benefits of her
retirement plan, the residence of the parties, and the 2003 Toyota Corolla; however Mara
was ordered to pay the balance of the $122,500 purchase money note on the house and
the balance of the Toyota note, plus certain credit cards and accounts. The decree
awarded Jerry all brokerage accounts, stocks, bonds, mutual funds, and securities
registered in his name, the 1985 Oldsmobile, and other miscellaneous property, including
computer equipment. (1) On August 1, 2005, the court signed a decree, nunc pro tunc. 
Before we consider appellant's issues, we first consider Mara's motion to dismiss. 

 Trial counsel for Jerry filed a notice of appeal on August 30, 2005, which was
followed by a Suggestion of Death of Jerry filed herein by his trial counsel on November
3, 2005. On January 17, 2006, counsel for the deceased filed an appellant's brief, but the
brief does not identify the party designated as appellant as required by Tex. R. App. P.
38.1, other than the deceased. Then on March 20, 2006, counsel for Mara filed appellee's
brief. Also, noting Jerry's death, Mara filed a motion to dismiss the appeal because a
personal representative of Jerry's estate has not been appointed. In his reply to Mara's
motion, citing Dunn v. Dunn, 439 S.W.2d 830 (Tex. 1969) and Turner v. Ward, 910 S.W.2d
500, 503 (Tex.App.-El Paso 1994, no writ ), Jerry's trial counsel opposed the dismissal.
However, appellant's response to the motion to dismiss and brief does not address the
issue of standing to maintain the appeal. 

 In Murphy v. Murphy, 21 S.W.3d 797, 798 (Tex.App.- Houston [1st Dist.] 2000, no
pet.), holding that an attorney-client relationship is terminated upon the death of the client
and comparing current Rule 7 and former Rule 9 of the Texas Rules of Appellate
Procedure, it held that Rule 7 does not affect substantive rights of litigants. Upon Jerry's
death, title to Jerry's property, real and personal vested immediately in his devisees or
legatees per his lawful will or in accordance with the laws of descent and distribution,
subject to the payment of debts. See section 37, Texas Probate Code. Also, death of a
party may moot certain issues between the parties. Here, Jerry's death rendered any
question regarding the dissolution of the marriage moot.

 By our letter of March 29, 2006, counsel were notified that the cause and appellee's
motion to dismiss would be considered on Wednesday, April 19, 2006. Personal
representatives of the estates of decedents act as agents for the estate when contracting
for fees and anything necessary for administration of the estate. Ward v. Property Tax
Valuation, Inc., 847 S.W.2d 298, 299 (Tex.App.-Dallas 1992, pet. denied). Accordingly,
as in Murphy, this Court also seeks assurance that the representative of the estate of Jerry,
temporary or otherwise, has approved the continued prosecution of the appeal by Jerry's
trial counsel or otherwise. Within 15 days of the date of this order, appellant's counsel shall
provide this Court with documentation showing the authority of the representative of the
deceased and the counsel to continue the prosecution of the appeal.

 It is so ORDERED. 

 Per Curiam
1. The decree apportioned credit card debts among the parties and directed that each
party pay their attorney fees. Finding that no children were born of the marriage, no child
support orders were appropriate.