# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-17-00148-CV

**The Law Offices of John S. Young, P.C., Appellant**

**v.**

**Michael Deadman, Temporary Administrator of**
**The Estate of John Edward Sullivan, Deceased, Appellee**

### FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY,
### NO. 14P252-L-A, HONORABLE MARTIN (BROCK) JONES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued on September 13, 2017, and substitute the following opinion and judgment in their place. We deny appellant's motion for rehearing.

The Law Offices of John S. Young, P.C.[1] appeals from the trial court's final summary judgment dismissing its claims against Michael Deadman, temporary administrator of the estate of John Edward Sullivan. In four issues, the Law Office contends that the trial court erred in granting summary judgment in Deadman's favor. We will affirm the trial court's summary judgment.

---

[1] We will refer to the individual John S. Young as "Young" and to his law firm as "the Law Office."

**BACKGROUND**

In April 2014, the State of Texas brought a civil forfeiture proceeding against John Sullivan. In connection with a criminal proceeding against Sullivan, the State seized a bank account of Sullivan's worth several million dollars. Sullivan hired the Law Office to represent him in the proceeding, and the two signed an "Attorney Contingent Fee Contract." This agreement provided that the Law Office would receive a fee of 27.5% "of all sums recovered." The contract also stated, "Attorneys agree not to settle or compromise the case without the Client's approval of the terms and form of the settlement . . . ." Finally, the paragraph stating that "Client gives Attorneys a Power of Attorney to execute (sign) all documents connected to this representation" was crossed out and initialed.

On June 3 or 4, 2014, Sullivan died.[2] On June 5, Young filed an application for probate of will as muniment of title in the trial court. Young presented a document purporting to be a holographic will signed by Sullivan on June 2. This document named Young as the sole beneficiary of Sullivan's estate. On June 16, the court signed an "Order Admitting Holographic Will to Probate as Muniment of Title." This order found "that there is no necessity for administration of [Sullivan's] estate" and decreed "that ALL right, title, and interest in ANY property or interest, whether listed herein or not, belonging to the Estate of [Sullivan], Deceased . . . shall be and is hereby vested in [Young], only, as the sole beneficiary in and under the herein described Will admitted to probate." After obtaining this order, Young had the funds from Sullivan's account transferred to another account in Young's name.

---

[2] There is some disagreement in the record regarding the exact date of Sullivan's death.

On July 2, 2014, a district court in the civil forfeiture proceeding signed an "Agreed Final Judgment of Forfeiture," resolving the forfeiture proceeding against the account that had previously belonged to Sullivan and was now under Young's name. In this judgment, the court found that Young "is now the possessor/owner of the property subject of this forfeiture proceeding." The court further found that $500,000 of the account was contraband and subject to forfeiture to the State and that the remainder of the account was not contraband and was not subject to forfeiture. The court therefore ordered that $500,000 be turned over to the State and that "the remaining balance" of the account "shall be released, without encumbrance, to its possessor/owner." The judgment was signed by the district court, the assistant district attorney, and Christianson Hartman, who represented "the interests of [Young], Defendant," and was referred to as "Attorney for Defendant."[3]

Later, a relative of Sullivan challenged the holographic will, and Deadman was appointed Temporary Administrator of Sullivan's estate. The Law Office sought to recover an attorney's fee from Deadman and Sullivan's estate pursuant to the contingent-fee agreement it made with Sullivan, but Deadman denied the claim. The Law Office then sued Deadman and Sullivan's estate, seeking $919,197.67, or 27.5% of the amount the Law Office claimed to have recovered in the forfeiture proceeding.

Deadman filed a motion for summary judgment, which contained three parts. In the first part, Deadman argued that the trial court should grant summary judgment against the Law

---

[3] The summary-judgment record contains an affidavit in which Hartman avers that he "was engaged to serve as associate counsel for [the Law Office] in connection with the performance of the Contingent Fee Contract." Hartman further avers that he "personally appeared" in the forfeiture proceeding and that his appearance "was also in the role as associated counsel for the Law Office."

Office's claims against Sullivan's estate because an estate is not a legal entity and cannot be sued.[4] In the second part, Deadman moved for no-evidence summary judgment as to the Law Office's claims against Deadman as temporary administrator of Sullivan's estate. Deadman argued that "there is no evidence that [Sullivan], 'the Client' in the contingent fee contract, approved of the terms and form of the settlement in [the forfeiture proceeding], as required by paragraph 4 of the [contingent-fee] contract." In the third part, Deadman moved for traditional summary judgment as to the Law Office's claims against him. Deadman argued that the evidence showed: (1) that Sullivan never approved the settlement in the forfeiture proceeding, (2) that Sullivan's death terminated the attorney-client relationship between the Law Office and Sullivan, (3) that the Law Office subsequently had no authority to represent Sullivan's estate in the forfeiture proceeding, (4) that the Law Office waived any right to recover attorney's fees by failing to take "the appropriate action to ensure that [Sullivan's] estate was properly represented in the final disposition of the forfeiture proceeding" and by transferring all the assets of the account at issue in the forfeiture proceeding to Young's personal account prior to the rendition of the final agreed judgment in the forfeiture proceeding, and (5) that there was no recovery in the forfeiture proceeding within the meaning of the fee agreement because $500,000 of the account was forfeited to the State and the remainder was released without encumbrance to Young—none went to Sullivan's estate.

The trial court granted Deadman's motion for summary judgment without indicating the grounds for its decision, and this appeal followed.

---

[4] The Law Office has not disputed this point, and Sullivan's estate is not a party to this appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). Traditional summary judgment is proper only if the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). No-evidence summary judgment is proper "unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* R. 166a(i). We may affirm the trial court's grant of summary judgment on any ground raised in a summary-judgment motion and preserved for our review. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## DISCUSSION

In its first three appellate issues, the Law Office contends that the trial court erred in granting Deadman's motion for summary judgment because the Law Office was entitled to recover under the contingent-fee contract it had with Sullivan.

Under the fee agreement signed by the Law Office and Sullivan, the Law Office was entitled to an attorney's fee of 27.5% of "of all sums recovered" by the Law Office acting as Sullivan's attorney. However, when Sullivan died, the attorney-client relationship between the Law Office and Sullivan terminated. *See Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, order) (per curiam) ("[I]t is well established that an attorney-client relationship terminates upon the death of the client."); *see also In re Marriage of Fannette*, No. 10-12-00141-CV, 2013 WL 3533238, at *3 (Tex. App.—Waco July 11, 2013, pet. denied) (mem. op.); *Gurkoff v. Jersak*,

5

No. 2-07-101-CV, 2008 WL 1700126, at *4 n.3 (Tex. App.—Fort Worth Apr. 10, 2008, pet. denied) (mem. op.). The Law Office produced no evidence that it was entitled to represent the estate of Sullivan as the estate's attorney after Sullivan's death. Instead, the Law Office argues that it raised a fact issue as to whether Sullivan approved the settlement prior to his death, that Young had authority to appear as the present holder of the property to finalize the settlement, and that Deadman has ratified the settlement and judgment by accepting its benefits.[5]

---

[5] We note that the Law Office waived any ratification argument it may have had by failing to raise it in the trial court. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Hubbard v. Jackson Nat'l Life Ins. Co.*, No. 13-15-00138-CV, 2017 WL 711601, at *4 n.11 (Tex. App.—Corpus Christi Feb. 23, 2017, no pet.) (mem. op.) ("Hubbard additionally contends on appeal . . . that JNL essentially ratified Byrne's and Way's actions by retaining whatever benefit flows from having sold Hubbard a million-dollar annuity. However, Hubbard did not make this argument in his written response to the summary judgment motion. Accordingly, it is waived.") (internal quotation marks and citation omitted).

We also note that the Law Office argues on appeal that Deadman's motion for summary judgment was "legally insufficient" because the no-evidence portion "utterly failed to even cite to a single element that he contended was unsupported with evidence" and the traditional portion did not cite sufficient case law to support its arguments. We disagree with both characterizations. Deadman's no-evidence portion asserted that "there is no evidence that John Edward Sullivan, 'the Client' in the contingent fee contract, approved of the terms and form of the settlement in [the forfeiture proceeding], as required by paragraph 4 of the [contingent-fee] contract." And the Law Office has cited no authority, and we are not aware of any, requiring a traditional motion for summary judgment to include a minimum amount of case law, or any case law at all. Although the Law Office asserts that "Texas appellate courts are universally unforgiving of parties failing to cite to case law in support of summary judgment motions," it cites only *Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App.—El Paso 2005, no pet.). The cited passage from *Velasquez* does not address inadequate case law in a motion for summary judgment but rather in an appellate brief. Therefore, like Velasquez, it is the Law Office who has waived any argument it may have had about the inadequacy of Deadman's traditional motion, because it has not adequately briefed the issue. *See id.*; *see also* Tex. R. App. P. 38.1(i).

Even assuming, without deciding, that Young stepped into Sullivan's shoes as the sole beneficiary of Sullivan's will and therefore had the authority to continue participating in the forfeiture proceeding as the disputed property's owner and to retain the Law Office as his attorney, the record before us does not include any contract between Young and the Law Office authorizing the Law Office to collect 27.5% of sums recovered as an attorney's fee. In other words, the contingent-fee agreement signed by the Law Office and Sullivan terminated upon Sullivan's death, and even if Young had the power to sign a new contingent-fee agreement with the Law Office, no such contract appears in the record. The previous agreement does not simply carry over from Sullivan to Sullivan's estate. *See Loffler v. University of Tex. Sys.*, 610 S.W.2d 188, 189 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) ("These attorneys were not authorized to bring suit on behalf of [the deceased], her estate, heirs at law, or personal representatives merely because of the preceding attorney-client relationship.").[6]

---

[6] In its motion for rehearing, the Law Office argues that paragraph 19 of the contingent-fee agreement provides that the agreement would automatically carry over from Sullivan to Young, his sole beneficiary. Nothing in the record before us indicates that the Law Office ever mentioned or relied upon paragraph 19 in the trial court. Moreover, the Law Office did not mention paragraph 19 on appeal until its motion for rehearing. Finally, the Law Office's motion for rehearing does not cite any authority in support of its interpretation of paragraph 19. It would not be reasonable to reverse the trial court's summary judgment on the basis of contractual language that was never brought to the trial court's attention. We conclude that the Law Office has waived any argument it may have concerning paragraph 19 because it failed to raise the issue in the trial court or in its appellate briefing. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1(a), 38.1(i); *Mikob Props., Inc. v. Joachim*, 468 S.W.3d 587, 597–98 (Tex. App.—Dallas 2015, pet. denied) ("An appellate court cannot reverse based on a complaint not raised in the trial court. Thus, to the extent K & K now rely on paragraphs 3–7 as an independent ground for their breach of contract claim, the argument was not preserved for our review.") (citation omitted); *Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 895 (Tex. App.—El Paso 1999, no pet.) (holding that Ryland failed to preserve the argument that "paragraph seventeen of the deed of trust allows Ryland to foreclose upon notice that an interest in the property has been sold or transferred"). Accordingly, we will not consider paragraph 19 in our analysis.

Absent a new contract between Young (as representative of Sullivan's estate) and the Law Office, the trial court had no evidence before it that the Law Office was entitled to an attorney's fee. Instead, Young may, or may not, be entitled to recover the entire account, along with the rest of Sullivan's estate, as the sole beneficiary of Sullivan's will—a question which, to our knowledge, remains pending in the trial court. Put another way, there is no evidence that the Law Office recovered any sums pursuant to the contingent-fee agreement, because the agreement terminated upon Sullivan's death. Therefore, we will not reverse the trial court's summary judgment on the ground that the Law Office was entitled to recover under the contingent-fee agreement. Accordingly, we overrule the Law Office's first three appellate issues.

In its fourth issue, the Law Office contends that, even if it is not entitled to recover under the contingent-fee agreement, the trial court erred in granting Deadman's motion for summary judgment because the Law Office is entitled to recover in quantum meruit. However, the Law Office did not plead a quantum meruit claim in the trial court. Therefore, it has waived any quantum meruit claim it may have had. *See* Tex. R. Civ. P. 166a(c); *see also Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) ("While the theory of quantum meruit might have provided Redden with an alternate ground of recovery, Redden did not plead this theory. The failure to plead quantum meruit is more than relevant to the outcome of this case; it is dispositive.") (citation omitted). Accordingly, we overrule the Law Office's fourth issue.

**CONCLUSION**

Having overruled each of the Law Office's issues, we affirm the trial court's summary judgment.[7]

_____

Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Affirmed on Motion for Rehearing

Filed: December 5, 2017

---

[7] Deadman has filed a supplemental record with this Court, and the Law Office has objected to the supplemental record as containing documents outside the appellate record. We have reviewed these documents and concluded that they have no effect on our disposition of this appeal. Because we have not relied upon these documents in any way, we need not decide whether they are properly before us. Accordingly, having now resolved this appeal, we dismiss the Law Office's motion to strike the supplemental record as moot.