**Abatement Order filed September 3, 2020**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-20-00474-CV**

_____

**CHERYL SUE ZARSKY, APPELLANT**

**V.**

**CAROLYN ANN WHITE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ORA WHITE, DECEASED, APPELLEE**

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 456601-401**

## ABATEMENT ORDER

This is an appeal from a judgment signed on April 2, 2020. The notice of appeal was timely filed on July 1, 2020. On August 26, 2020, counsel for appellant, Cheryl Sue Zarsky, filed a suggestion of death informing this court that Zarsky died on August 4, 2020. Counsel believes that his client died testate naming her daughter, Cherie Zarsky, as independent executrix. Counsel intends to seek the authority to represent the estate of Cheryl Sue Zarsky in this appeal.

Texas Rule of Appellate Procedure 7.1(a)(1) provides,

If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may

be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.

Tex. R. App. P. 7.1(a)(1).

Accordingly, we abate this appeal for **60 days** to allow counsel time to obtain authority from the estate of Cheryl Sue Zarsky to pursue this appeal. This court will require assurance from the representative of the estate of Cheryl Sue Zarsky that it is represented by counsel within 60 days of this order, or the appeal will be dismissed for want of prosecution. *See Casillas v. Cano*, 79 S.W.3d 587, 592 (Tex. App.—Corpus Christi-Edinburgh 2002, no pet.); *Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, published order).

PER CURIAM

Panel Consists of Justices Spain, Hassan, and Poissant.